[Sac. No. 7363. In Bank. Apr. 4, 1962.]

JOAN GOOD, Individually and as Guardian ad Litem, etc., et al., Plaintiffs and Appellants, v. THE STATE OF CALIFORNIA, Defendant and Respondent.

---

*Assigned by Chairman of Judicial Council.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Reginald M. Watt for Plaintiffs and Appellants.

Stanley Mosk, Attorney General, Charles A. Barrett, Assistant Attorney General, F. G. Girard and Michael Traynor, Deputy Attorneys General, for Defendant and Respondent.

Harold Kennedy, County Counsel (Los Angeles), Lloyd S. Davis, Deputy County Counsel, Roger Arnebergh, City Attorney (Los Angeles), and Bourke Jones, Assistant City Attorney, as Amici Curiae on behalf of Defendant and Respondent.

GIBSON, C. J.—The wife and children of a man killed by an explosion of dynamite brought this action in 1959 against the State of California and others to recover damages for his wrongful death.

The allegations of the complaint may be summarized as follows: Decedent was killed while he was working in a tunnel in which exploratory work was being done for the Oroville Dam Project. The state had the management and control of the place of employment and the employees working in the tunnel, and negligently permitted or directed the explosion causing decedent's death.[1] The project is a proprietary activity for the conveyance, distribution, and sale of electric power and water, to be financed primarily by bonds which are to be repaid by income from the sale of power and water. A claim presented to the state was rejected.

[1]The wrongful death statute may be applied to the state and its political subdivisions where the action is not barred by the doctrine of governmental immunity. (*Flournoy* v. *State of California, ante,* p. 497 [20 Cal.Rptr. 627, 370 P.2d 331].)

A general demurrer was sustained without leave to amend, and plaintiffs have appealed from the ensuing judgment.

■ The judgment cannot be supported on the ground, urged by defendant, that the complaint shows on its face that decedent was an employee of the state and therefore the Industrial Accident Commission had exclusive jurisdiction of plaintiffs' claim. The allegations of the complaint are consistent with the fact, set forth by plaintiffs in their briefs and admitted by defendant, that decedent was present in the tunnel as the employee of an independent contractor. If defendant desired plaintiffs to allege this fact with particularity the point should have been raised by special demurrer.

■ Nor can the trial court's ruling be upheld on the theory that the action is barred by the doctrine of governmental immunity. The complaint sufficiently alleges as against the general demurrer that defendant was acting in a proprietary capacity. (*Cf. Yolo* v. *Modesto Irr. Dist.*, 216 Cal. 274, 277 et seq. [13 P.2d 908] ; *Davoust* v. *City of Alameda*, 149 Cal. 69, 70 et seq. [84 P. 760, 9 Ann.Cas. 847, 5 L.R.A. N.S. 536].) Defendant claims that certain provisions of the Water Code assertedly applicable to the Oroville Dam Project, provide that the functions to be performed with respect to the project are governmental. (Water Code, § 11100 et seq.) It is not entirely clear that this is so, but in any event the determinative consideration is not the legislative declaration but the nature of the activity. (*Schwerdtfeger* v. *State of California*, 148 Cal.App.2d 335, 343 [306 P.2d 960].)

The judgment is reversed.

Schauer, J., McComb, J., Peters, J., White, J., Dooling, J., and Draper, J. pro tem.* concurred.

---

* Assigned by Chairman of Judicial Council.