[Sac. No. 7364. In Bank. Apr. 4, 1962.]

LARRY FLOURNOY, a Minor, etc., et al., Plaintiffs and Appellants, v. THE STATE OF CALIFORNIA et al., Defendants and Respondents.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Reginald M. Watt for Plaintiffs and Appellants.

Robert E. Reed, Harry S. Fenton, Robert F. Carlson and Kenneth G. Nellis for Defendants and Respondents.

*Assigned by Chairman of Judicial Council.

Harold W. Kennedy, County Counsel (Los Angeles), Lloyd S. Davis, Deputy County Counsel, Roger Arnebergh, City Attorney (Los Angeles), and Bourke Jones, Assistant City Attorney, as Amici Curiae on behalf of Defendants and Respondents.

GIBSON, C. J.—The State of California, the Department of Public Works, and the Division of Highways were joined with other defendants in an action brought by the husband and children of a woman killed in an automobile accident.

A general demurrer was sustained to plaintiffs' complaint, and they have appealed from the ensuing judgment of dismissal which was entered on September 22, 1960.

During the pendency of the appeal *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], was decided. It held that the doctrine of governmental immunity could no longer be used to shield an entity of government from liability for torts for which its agents were liable. In *Corning Hospital Dist.* v. *Superior Court, ante,* p. 488 [20 Cal.Rptr. 621, 370 P.2d 325], decided this day, we hold that the 1961 legislation (Stats. 1961, ch. 1404) relating to the subject of our decision in *Muskopf* v. *Corning Hospital Dist.* merely suspended for a limited time and did not destroy causes of action arising prior to February 27, 1961, the date our decision in *Muskopf* v. *Corning Hospital Dist.* became final. It follows that the judgment must be reversed unless it can be affirmed on some ground other than governmental immunity.

Defendants contend that the ruling of the trial court may be upheld on the ground that the wrongful death statute is not applicable to the state. Section 377 of the Code of Civil Procedure provides for the recovery of damages for wrongful death against "the person causing the death," and defendants rely on cases holding that there is a rule of construction that a general term, such as "person," should not be interpreted to apply to the state or its political subdivisions in the absence of an expression of legislative intent where the result of such a construction would be to infringe upon sovereign governmental powers. (See *Butterworth* v. *Boyd,* 12 Cal.2d 140, 150 [82 P.2d 434, 126 A.L.R. 838].) However, it has been held that, where no impairment of sovereign powers would result, the reason underlying this rule of construction ceases to exist. (*Hoyt* v. *Board of Civil Service Comrs.,* 21 Cal.2d 399, 402 [132 P.2d 804].) Thus the rule

may not be invoked to shield the state from liability unless the state's position as sovereign warrants special protection.

 We are satisfied that where governmental immunity may not be invoked no distinction can be made between an action for injuries to the person and one for wrongful death. This view finds support in many decisions. (See, e.g., *Ziegler* v. *Santa Cruz City High Sch. Dist.*, 168 Cal.App.2d 277, 283 et seq. [335 P.2d 709]; *Hanson* v. *Reedley etc. School Dist.*, 43 Cal.App.2d 643 [111 P.2d 415]; *Yolo* v. *Modesto Irr. Dist.*, 216 Cal. 274, 275, 278-279 [13 P.2d 908]; *Chafor* v. *City of Long Beach*, 174 Cal. 478 [163 P. 670, Ann.Cas. 1918D 106, L.R.A. 1917E 685]; *Wilson* v. *City & County of San Francisco*, 106 Cal.App.2d 440 [235 P.2d 81]; *Beard* v. *City & County of San Francisco*, 79 Cal.App.2d 753 [180 P.2d 744]; *Bertiz* v. *City of Los Angeles*, 74 Cal.App. 792 [241 P. 921].)

The judgment is reversed.

Schauer, J., McComb, J., Peters, J., White, J., Dooling, J., and Draper, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.