[Civ. No. 11662. Third Dist. May 29, 1969.]

JOAN GOOD et al., Plaintiffs and Appellants, v. THE STATE OF CALIFORNIA et al., Defendants and Respondents.

Burton J. Goldstein, P. M. Barceloux, Goldstein, Barceloux and Goldstein, Albert E. Levy, Ralph Golub and David J. McKeown for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, Willard A. Shank, Assistant Attorney General, and Edmund E. White, Deputy Attorney General, for Defendants and Respondents.

BRAY, J.*—Plaintiffs appeal from a judgment dismissing their action against the State of California based on the three-year dismissal provision of section 583, Code of Civil Procedure.

### QUESTION PRESENTED

Was the three-year limitation of section 583, Code of Civil Procedure, extended by periods of impossibility, impracticability or futility?

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

RECORD

This is a companion case to the consolidated cases of *Arnold* v. *State of California, ante,* p. 575 [78 Cal.Rptr. 309] 3 Civil 11660, *Zurek* v. *State of California,* 3 Civil 11661, *Shipe* v. *State of California,* 3 Civil 11663, and *Canifax* v. *State of California,* 3 Civil 11664 (hereinafter referred to as the *Arnold* cases, this day decided by this court). This and the *Arnold* cases arise out of an explosion which occurred April 21, 1959, in a tunnel on the Feather River being bored for the Oroville Dam project which was being constructed by the State of California. The explosion caused the deaths of Donald E. Good, Robert Arnold and Chester J. Zurek and serious injuries to Frank Shipe and Andrew B. Canifax.

On November 5, 1959, the complaint was filed herein as well as were the complaints in the *Arnold* cases. In all cases, State filed demurrers to the complaints, which demurrers were sustained with leave to amend. A first amended complaint was filed in this case only. (For history of the proceedings in the *Arnold* cases, see the decision therein). On September 6, 1960, demurrer to the first amended complaint was sustained without leave to amend. On October 3, judgment of dismissal was entered and on October 6, plaintiffs appealed therefrom. On April 4, 1962, the Supreme Court reversed the judgment. (*Good* v. *State of California,* 57 Cal.2d 512 [20 Cal.Rptr. 637, 370 P.2d 341].) The remittitur was filed May 8. State's answer to the first amended complaint was filed June 4, 1962. State's motion to dismiss made under the provisions of section 583 was submitted September 6, 1966, and granted in January 1967. Plaintiffs appeal.

IMPRACTICABILITY

In *Arnold* we set forth in detail the stipulations of the parties. A similar stipulation as the *Arnold* ones of February 16, 1965 was filed in the instant case. It purported to extend the five-year period of section 583. It was entered into after the bringing of the appeals in the *Hercules* and *Coast* cases and purported to extend plaintiffs' time and provided that a memorandum to set must be filed within six months of the "rendering" in the *Arnold* cases of the opinion of the appellate court in the appeals of Coast Manufacturing and Supply Company and Hercules Powder Company from the judgments of dismissal.

The opinion in those cases was filed on September 8, 1965. The remittitur was filed November 9, 1965. On April 22, 1966,

more than six months after the rendering of said opinion but less than six months after the filing of the remittitur, plaintiffs, as did the plaintiffs in the *Arnold* cases, filed a memorandum to set. On May 11, 1966, State filed a notice of motion to dismiss action for failure to bring action to trial within three years from the date of filing of the remittitur. (Code Civ. Proc., § 583.) Plaintiffs made a motion to be released from the first stipulation. Both of these motions were submitted September 6, 1966. On January 31, 1967, the court denied the latter motion and granted State's motion to dismiss. Judgment was entered accordingly.

There is a different situation in the instant case from those in the *Arnold* cases. There no appeals were taken and hence the three-year limitation of section 583 could not apply and therefore no question of the power of the parties to extend the five-year period of that section was involved. ■ In the instant case there was an appeal from the judgment of dismissal after the sustaining of the demurrer to the first amended complaint. So the question arises as to the application of the three-year limitation of section 583, a limitation which the authorities hold cannot be extended by stipulation. (*Neustadt* v. *Skernswell* (1950) 99 Cal.App.2d 293, 295 [221 P.2d 694]; *Lane* v. *Davis* (1964) 227 Cal.App.2d 60, 63 [38 Cal.Rptr. 425]; *Robertson* v. *Superior Court* (1960) 180 Cal.App.2d 372, 376 [4 Cal.Rptr. 297], hearing by Supreme Court denied.)

Section 583 provides, in pertinent part: "When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial (or when an appeal has been taken from an order granting a new trial and such order is affirmed on appeal), the action must be dismissed by the trial court . . . unless brought to trial within three years from the date upon which remittitur is filed. . . ."

According to the literal phrasing of the section, it does not apply unless the remand is for a new trial. Section 656 of the Code of Civil Procedure defines a new trial, stating that it is a reexamination of an issue of fact in the same court after a trial and decision by a jury, court, or referee. As there never was an examination of fact in the trial court in this case, it would appear that the section does not apply here. However, in *Carney* v. *Simmonds* (1957) 49 Cal.2d 84 [315 P.2d 305], the court held that a motion for a new trial was a proper proceeding to reverse a judgment on the pleadings, after a

demurrer sustained, and a judgment of dismissal—that, in effect, where issues of law are joined by the demurrer there is a trial and "hence a situation proper for a new trial motion. . . ." (P. 90.) Then *McDonnell* v. *American Trust Co.* (1960) 178 Cal.App.2d 325 [2 Cal.Rptr. 826], applied the three-year provision to a judgment of dismissal after a demurrer sustained had been reversed on appeal. *Robertson* v. *Superior Court, supra,* 180 Cal.App.2d 372, held that where a demurrer to a complaint is sustained without leave to amend and judgment given for defendant and on appeal the judgment is reversed and a new trial ordered, the three-year provision of section 583 comes into play, and unless the action is brought to trial within the time prescribed the action must be dismissed. The court also held that "[a]n unqualified reversal remands a cause for a new trial." (P. 375.) The decision in *Good* v. *State of California* (1962) *supra,* 57 Cal.2d 512, 514, is an unqualified reversal.

In *Lane* v. *Davis, supra,* 227 Cal.App.2d 60, the majority opinion held that where on appeal a judgment of dismissal entered on an order sustaining a demurrer without leave to amend is reversed with directions to grant plaintiff leave to amend, the action must be brought to trial within the three years specified in section 583 and that time cannot be extended even with a written stipulation. (See *Hsu* v. *City & County of San Francisco* (1966) 240 Cal.App.2d 317, 322 [49 Cal.Rptr. 531].)

The remittitur was filed May 8, 1962. This under section 583 gave plaintiffs three years in which to bring the case to trial, that is, to May 8, 1965. As plaintiffs did not bring the case to trial by that date (their memorandum to set was not filed until April 22, 1966), the court had no alternative but to dismiss the action unless the three-year period could be and was extended by a period when it would be legally impossible, impracticable or futile to try the case. (*Rose* v. *Knapp* (1951) 38 Cal.2d 114 [237 P.2d 981]; *General Motors* v. *Superior Court* (1966) 65 Cal.2d 88, 96 [52 Cal.Rptr. 460, 416 P.2d 492].) See discussion of this subject in the *Arnold* cases.

 There is no reason why the impracticability and impossibility exceptions should not apply not only to dismissals under the five-year provision of section 583 but also to dismissals under the three-year provision. (See *McDonald Candy Co.* v. *Lashus* (1962) 200 Cal.App.2d 63, 66 [19 Cal. Rptr. 137]; *Hsu* v. *City & County of San Francisco, supra,* 240 Cal.App.2d 317, 321.)

Here the dismissal rests upon the three-year provision of section 583. The three years in question commenced with the filing of the remittitur in May 1962 on the appeal from the judgment of dismissal based upon the sustaining of the demurrer without leave to amend.

During the first 16½ months of this period, i.e., until September 20, 1963, the moratorium statute prohibiting trials of actions against the State for costs arising from "governmental functions" was in effect. Notwithstanding the "proprietary" allegation of the complaint, no one knew with any certainty whether the accident upon which this case is based had its source in a proprietary or governmental activity of the State.

An important aspect of the Feather River Project, the activity in the course of which the accident occurred, was flood control, and it is somewhat doubtful that flood control can be classified as a proprietary activity. Because of the uncertainty whether the action was within the suspension statute, it was impracticable to try the case during the moratorium. The facts set forth in the complaint could support either a proprietary or governmental activity theory. Thus the 16½-month period should not be included in the statutory computation. Adding the 16½ months of the moratorium period to the statutory three years would have given plaintiffs until September 19, 1966, to bring this case to trial. The motion to dismiss was submitted September 6, 1966. Moreover, it was impracticable under the circumstances for the plaintiffs to go to trial during the period of the Hercules and Coast appeals. Notice of appeal from the summary judgment in favor of Coast was filed February 13, 1964. On April 13, 1964, appeal was taken from the summary judgment in favor of Hercules. The appellate remittitur in those cases was filed November 9, 1965. The actions of the parties during the pendency of those appeals as well as their stipulations clearly indicate that it was the desire of all parties that the cases be not tried piecemeal but that all issues be tried and all parties appear at one time. While the three-year provisions of section 583 could not be changed by stipulation, the stipulation purporting to do so shows definitely the intention of the parties in regard to the impracticability aspect. Therefore there should be added to the three-year period not only the 16½ months of the moratorium but also the period when the Hercules and Coast appeals were pending and when all parties were awaiting the outcome of those appeals. This period was

about 21½ months and, when added to the approximately 16½ months of the moratorium period, would have extended the time for dismissal from May 8, 1965, to June 1968. The same result is reached by excluding from the original three-year period those portions of it (about 31 months) which overlapped times when either the moratorium was in effect or the Coast and Hercules appeals were pending. When the 31 months are tacked onto the remittitur date of the Coast and Hercules appeals, the three-year period is again seen to have been extended to June 1968. A rather incongruous situation appears when the State in February 1965 agreed to an extension permitting plaintiffs to wait until they could go to trial against all defendants, State, Coast and Hercules, and now urges retroactively that it was practicable to try the case against the State alone during the period when it could not try the case against Coast and Hercules. Likewise, it is difficult to accept the theory that plaintiffs' failure to go to trial within three years of the remittitur in the *Good* appeal retroactively deprives plaintiffs of all excuse for not going to trial between May 1962 and September 1965. Such retroactive characterizations have little relation to the practical realities and difficulties which faced the parties during the intervening years. It is true that the three-year statute could not be extended by stipulation; nevertheless the situation disclosed is one where the parties conferred recognition on the impracticability of trying this case against less than all the defendants.

■ Although granting relief upon the grounds of impracticability is addressed to the sound discretion of the court (*McDonnell* v. *American Trust Co., supra,* 178 Cal.App. 2d 325, 330), it appears that the absolute prohibition from trial provided in the moratorium act stops the running of the three-year statute. ■ As said in *Hsu* v. *City & County of San Francisco, supra,* 240 Cal.App.2d 317, 321, ''Since the Legislature [by the moratorium act] did not intend to destroy plaintiffs' cause of action but only to suspend it (*Corning Hospital Dist.* v. *Superior Court, supra* [57 Cal.2d 488 (20 Cal.Rptr. 621, 370 P.2d 325)] at p. 494), it appears to us that the Legislature must have intended that the time limitations imposed by Code of Civil Procedure, section 583, should not continue to run during the moratorium period. Any other construction would result in the automatic destruction, rather than the suspension, of any cause of action upon which suit had been commenced prior to September 19, 1958, or which

had been remanded for a new trial prior to September 20, 1960. Such construction would be contrary to the intent and purpose of the statute.''

█ With the desire of the parties that the case not be tried piecemeal, and the impracticability of going to trial as herein set forth, the court should have determined that the dismissal period had been extended because of the impracticability of going to the type of trial that all parties indicated they desired.

Judgment reversed and the case is remanded to the trial court to set a reasonable limitation as to the time in which the case must be brought to trial.

Pierce, P. J., and Friedman, J., concurred.

The petition of the respondent State of California for a hearing by the Supreme Court was denied July 23, 1969.