[Civ. No. 11660. Third Dist. May 29, 1969.]

VICTORIA ARNOLD, Plaintiff and Appellant, v. THE STATE OF CALIFORNIA et al., Defendants and Respondents.

[Civ. No. 11661. Third Dist. May 29, 1969.]

DOROTHY ZUREK, Plaintiff and Appellant, v. THE STATE OF CALIFORNIA et al., Defendants and Respondents.

[Civ. No. 11663. Third Dist. May 29, 1969.]

FRANK SHIPE, Plaintiff and Appellant, v. THE STATE OF CALIFORNIA et al., Defendants and Respondents.

[Civ. No. 11664. Third Dist. May 29, 1969.]

ANDREW B. CANIFAX, Plaintiff and Appellant, v. THE STATE OF CALIFORNIA et al., Defendants and Respondents.

(Consolidated Cases.)

576

Burton J. Goldstein, P. M. Barceloux, Goldstein, Barceloux & Goldstein, Albert E. Levy, Ralph Golub and David J. Mc-Keown for Plaintiffs and Appellants.

Thomas C. Lynch, Attorney General, Willard A. Shank, Assistant Attorney General, and Edmund E. White, Deputy Attorney General, for Defendants and Respondents.

BRAY, J.*—The four cases entitled as above have been consolidated upon this appeal. The respective plaintiffs appeal from judgments dismissing their respective cases under the provisions of section 583, Code of Civil Procedure.[1]

QUESTION PRESENTED

Were the statutory five-year dismissal periods extended by periods of impossibility, impracticability or futility?

RECORD

On April 21, 1959, in a tunnel on the Feather River which was being bored by the State of California for the Oroville Dam project, an explosion occurred killing Donald E. Good, Robert Arnold and Chester J. Zurek, and causing serious injuries to Frank Shipe and Andrew B. Canifax. Actions against the State were brought by the families of the deceased workers and by the injured men. The proceedings in all the cases other than the Good case were the same. The four cases will be referred to herein as the *Arnold* cases. The chronology of these follows:

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

[1] A companion case, *Good* v. *State of California, post,* p. 587 [78 Cal.Rptr. 316] 3 Civil No. 11662, arising out of the same accident as in the cases at bench, and likewise dismissed under the provisions of section 583 of the Code of Civil Procedure, is this day decided by this court.

November 5, 1959, complaints filed.

December 22, 1959, defendant State filed demurrers.

May 2, 1960, demurrers sustained; 15 days to amend. In the *Good* case the State's demurrer to the complaint was sustained at the same time the demurrers were sustained in the *Arnold* cases. A first amended complaint was filed in the *Good* case and the State's demurrer to it was sustained without leave to amend on September 6, 1960. A judgment of dismissal therein was entered on October 3, 1960. Good appealed on October 6, 1960. On April 4, 1962, the Supreme Court reversed the judgment of dismissal (*Good* v. *State of California,* 57 Cal.2d 512 [20 Cal.Rptr. 637, 370 P.2d 341]), the remittitur being filed May 8.

Awaiting the outcome of the *Good* appeal, by agreement of all parties no proceedings were taken in the *Arnold* cases until July 24, 1962, when a stipulation "Re: Reconsideration of Ruling on Demurrer" was filed in each of the *Arnold* cases, which stated in effect that in view of the decision in *Good* a "Motion for Reconsideration of the Order Sustaining Demurrer filed May 4, 1960," might be deemed made, the demurrer overruled, and the State given 30 days to answer. (Further mention herein of "stipulations" is not intended to refer to this July 24th stipulation.) September 7, 1962, the State answered.

In the meantime, Hercules Powder Company and Coast Manufacturing and Supply Company had been brought in as additional defendants in all cases. On November 8, 1962, Coast Manufacturing and Supply Company filed motions for summary judgment. On April 22, 1963, Hercules Powder Company filed similar motions. All motions were granted December 24, 1963. Notices of appeal from these summary judgments were filed in all cases.

On July 7, 1964, a stipulation (hereinafter set forth) was filed in each case, the effect of which was to extend the five-year period of section 583.

On February 16, 1965, a stipulation (hereinafter set forth) was filed in each case, the effect of which required plaintiffs to file a memorandum to set in each case within six months after the rendering of the opinion of the Court of Appeal on the appeals in the *Coast* and *Hercules* cases.

Opinion of the Court of Appeal reversing the summary judgments was rendered September 8, 1965 (237 Cal.App.2d 44 [46 Cal.Rptr. 552]). Remittitur was filed November 9, whereby the summary judgments were vacated and plaintiffs allowed to amend their complaints. December 20, 1965, first

amended complaints were filed. Thereafter answers were filed by defendant State and answers and cross-complaints by Coast Manufacturing and Supply Company and Hercules Powder Company. March 25, 1966, and April 13, 1966, plaintiffs filed notices of taking of depositions.

April 22, 1966, memoranda to set were filed by plaintiffs. May 11, 1966, State filed notices of motions to dismiss the actions for failure to bring the actions to trial within three years from the filing of the remittitur on the *Good* appeal. Plaintiffs filed the motions to be relieved from stipulations which had been filed July 7, 1964. January 3, 1967, the motions to dismiss were granted and the motions to be relieved were denied. Judgments of dismissal were filed January 23, 1967.

### THE TIME OF SECTION 583 WAS EXTENDED

Section 583 provides, in pertinent effect, that an action must be dismissed unless said action is brought to trial within five years after the plaintiff has filed his action. Pertinent here are two exceptions to the application of the section. The first is "except where the parties have filed a stipulation in writing that the time may be extended." The second is "When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial" the action must be dismissed unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court.

Identical stipulations dated June 19, 1964, were filed in the *Arnold* cases July 7, 1964. They stated: "This stipulation is entered into in relation to the following facts:

"1. The plaintiff, VICTORIA ARNOLD, in Action 34916 pending in the above Superior Court and County, appealed from certain rulings of the trial court. It was agreed that the rulings of the appellate court, as pertaining to this case, would also cover this case.

"2. That there is presently on appeal certain rulings of the trial court with regard to HERCULES POWDER COMPANY and COAST MANUFACTURING COMPANY.

"3. That the five-year dismissal statute pursuant to Code of Civil Procedure section 583 will run on the GOOD, [ARNOLD], CANIFAX, ZUREK and SHIPE cases sometime in October of 1964.

"4. That the GOOD case is governed by the three-year remittitur statute from the date of remittitur on appeal and it is

desirable to stipulate that the three-year remittitur statute governing the Good case shall apply as between the State of California and each of the respective plaintiffs.

"It Is Therefore Stipulated as Follows:

"1. That the defendant, State of California, waives the application to the above case of the Code of Civil Procedure section 583 in regard to the five-year dismissal provision; and, further,

"2. That the above-entitled case shall be governed by the three-year remittitur provision which is applicable in the Good case."

Declarations of one of the attorneys for the plaintiffs and the deputy attorney general representing the State concerning their conversations prior to entering into said stipulation were filed herein. They both agree that plaintiffs' counsel stated that he wanted to be sure that the State would not invoke the five-year dismissal statute. The deputy attorney general stated that he would be agreeable to such waiver provided it would be stipulated that the three-year dismissal provision following the filing of the remittitur of section 583 would be applicable to all the cases. Plaintiffs' counsel agreed, stating that this would extend plaintiffs' time until at least May 8, 1965.

About February 15, 1965, while the Hercules and Coast appeals were still pending, plaintiffs' counsel informed State's counsel that if there were any question of the State seeking a dismissal under section 583, he would move immediately to set pretrial and trial dates. Plaintiffs' counsel states that State's counsel informed him he was in favor of extending the time. The latter, however, claims that he said he would not waive his rights under section 583 unconditionally but would waive subject to the condition that plaintiffs file a memorandum to set within six months after the rendering of the appellate court opinion in the Hercules and Coast appeals.

Thereupon, on February 16, 1965, stipulations were filed. They read in pertinent part:

". . . Hercules Powder Company and Coast Manufacturing Company have had summary judgments entered in their favor which have been appealed from by the plaintiffs. Said appeals are presently pending . . .

"Prior to the appeals of Hercules Powder Company and Coast Manufacturing and Supply Company, judgment in case No. 34918 was entered in favor of the State of California by the trial court which judgment was appealed by the plaintiffs, and which judgment was reversed by the California Supreme

Court, the remittitur following reversal having been issued by said California Supreme Court on or about May 7, 1962.

"It has been previously stipulated that the remittitur date governing the case of *Good* v. *State of California, et al.* would govern all of the above-captioned cases.

"Since the defendants, Hercules Powder Company and Coast Manufacturing and Supply Company, are presently on appeal, it is necessary to stipulate in connection with the pending trial with the State of California or said trial must immediately proceed against the State of California solely or be barred pursuant to the provisions of Code of Civil Procedure section 583.

"THEREFORE, IT IS STIPULATED AS FOLLOWS:

"1. Except as expressly provided by Pargraph 2 below, defendant State of California hereby waives the provisions of Code of Civil Procedure section 583 and will not assert said code section against the plaintiffs, or any of them, it being the intent of this stipulation to waive the two-year provision, the five-year provision, and also the three-year provision governing the bringing of the matter to trial within three years of the date that the remittitur was issued following the prior reversal by the Supreme Court of the State of California in its opinion filed on April 4, 1962.

"2. That notwithstanding the provisions of Paragraph 1 above, a motion for dismissal by defendant State of California for each or any of the grounds set forth in section 583 of the Code of Civil Procedure is not waived and may be pursued by the defendant State of California if plaintiffs, or any of them, have not filed with the Superior Court of the County of Butte in each of the above entitled proceedings a memorandum to set each of the above cases for trial within six months after the rendering of the opinion of the District Court of Appeal, Third Appellate District, concerning the matters presently pending on appeal in that court by and between the plaintiffs and the defendants Hercules Powder Company and Coast Manufacturing and Supply Company, it being the intent of this Paragraph 2 to render this stipulation of no effect whatsoever if said memorandums to set for trial are not filed as specifically provided herein."

The opinion of the District Court of Appeal was rendered September 8, 1965, the remittitur being filed in the superior court on November 9, 1965. Memoranda to set were filed on April 22, 1965 (over seven months after the issuance of the opinion by the appellate court but within six months of the

filing of the remittitur). It will be observed that at the time of the filing of the memoranda to set for trial in the *Arnold* actions, more than five years had elapsed since the filing of the complaints.

## Effect of the Stipulations

When the first stipulations were filed on July 7, 1964, the time was approaching when the State would have had the right, under the five-year provision of section 583, to move for dismissal of the *Arnold* cases. Plaintiffs contend that the parties neither intended to stipulate nor could they legally stipulate to the application per se of the three-year provision of section 583 to the *Arnold* cases because, unlike the *Good* case, the *Arnold* actions versus the State were not appealed. It is clear, however, that the reference in the 1964 stipulations to the three-year period was not an attempt to make *the statute itself* applicable, but instead merely *fixed the limiting date* of an extension of the five-year period. The 1964 stipulations simply extended the *Arnold* dismissal dates from November 5, 1964 (five years after the complaints were filed) to May 8, 1965 (three years after the Supreme Court remittitur in *Good* was filed).

From the trial court's written ruling on the State's motions for dismissal and on plaintiffs' motions for relief, it appears the court was not applying to the *Arnold* cases the three-year limitation of section 583 *as a matter of law,* but rather the five-year limitation as extended *by the 1964 stipulations,* for its ruling states, "Actually, this entire matter boils itself down into the rather simple question whether the parties should be held bound by their several lawful stipulations (oral and written)." This was a correct interpretation of the effect of the 1964 stipulations. It did not, however, take proper account of the 1965 stipulations.

Although the State's notice of motion to dismiss stated (paraphrasing the 1964 stipulations) that the motion would be made "on the grounds that said actions have not been brought to trial more than [*sic*] three years from the date upon which remittitur was filed [in *Good*] . . .", the points and authorities and the declaration of State's counsel which accompanied the notice set forth the stipulations of February 16, 1965, and pointed out that the State's waiver of any of the provisions of section 583 was dependent upon a strict compliance with the terms of the latter stipulations which provided that plaintiff must file a memorandum to set within six months after "the rendering of the opinion" of the Court

of Appeal in the Hercules Powder and Coast Manufacturing appeals.

The 1965 stipulations superseded the 1964 stipulations. Thus it is only the 1965 stipulations with which we are now concerned. They provided only that a memorandum to set be filed (not that the actions be brought to trial) within six months of the "rendering" of the Coast and Hercules appellate opinion (not within six months of the filing of the remittitur therein). In other words, there was provided another extension of the five-year period for a specified time. The failure to file a memorandum to set within the time specified in the 1965 stipulations rendered those stipulations "of no effect whatsoever," that is, as if no stipulations or waivers had ever been made. The memoranda to set were not timely filed. Upon that default, the relationship of the parties was as if neither the 1964 nor 1965 stipulations had ever been made, and the parties' rights were governed solely by section 583. As pointed out in the trial court's ruling, the 1965 stipulations stated that "a motion for dismissal by defendant State of California *for each or any of the grounds* set forth in section 583 of the Code of Civil Procedure is not waived and may be pursued by the defendant State of California if plaintiffs, or any of them, have not filed . . . a memorandum to set . . . within six months after the rendering of the [Coast and Hercules] opinion. . . ." (Italics ours.)

### Relief

The trial court denied plaintiffs' motion to be relieved of the first stipulations. No valid reasons were given for granting such relief. As stated in the court's ruling, no counteraffidavits were filed to negate or deny the recitals contained in the declarations of Mr. Girard (State's counsel). Those declarations show that plaintiffs' counsel entered into the stipulations knowingly. Moreover, those stipulations were superseded by the second stipulations and were no longer of any effect.

### Impracticability

The court, in effect, determined that the stipulations constituted an agreement by plaintiffs that if memoranda to set were not filed within six months after the rendering of the district court's opinion in the Hercules and Coast appeals, the cases forthwith could be dismissed. Such was not the effect of the stipulations. The true effect was that on the failure by the plaintiffs to comply with the stipulations the State was

584

free to invoke the dismissal proceedings of the code just as though no stipulations had ever existed. These stipulations became *functus officio*. Had there been no stipulations and had the State moved for dismissals, plaintiffs would have been entitled to set up any defenses to the application of the dismissal statute which might exist. By the stipulations, plaintiffs did not waive their right to present these defenses and the court should have considered them. ■ In computing time under section 583 a court should not include periods in which bringing the case to trial would be legally impossible, impracticable or futile. (*Rose* v. *Knapp* (1951) 38 Cal.2d 114, 117 [237 P.2d 981].) What is impossible, impracticable or futile must, of course, be determined in the light of the facts of the particular case. (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 96 [52 Cal.Rptr. 460, 416 P.2d 492].)

■ These actions were filed November 5, 1959. Trial setting memoranda were filed April 22, 1966. The State's motions to dismiss were submitted September 6, 1966 and granted in January 1967. Approximately six years and ten months elapsed between commencement of the actions and the submission of the State's dismissal motions. The appeal in the *Good* case occupied 19 months from the filing of Good's notice of appeal on October 6, 1960 until the filing of the remittitur on May 8, 1962. The liability issues in the four *Arnold* actions were practically identical with that in the *Good* case. Demurrers to the *Arnold* complaints had been sustained at the same time and on the same grounds as in the *Good* case. Obviously, until the validity of the rulings on the demurrers by a decision on the *Good* appeal was determined it was impossible to proceed in any of the cases and plaintiffs could do nothing but await the outcome of the *Good* appeal.

In 1959, when these actions were brought, the rule of governmental immunity existed in California, and hence the question on the *Good* appeal was whether a cause of action had been stated against the State in a *proprietary* capacity. In January 1961 *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], discarded the rule of governmental immunity and plaintiffs could thereafter have presented causes of action against the State based on a claim of operating the tunnel in a governmental capacity, except that on September 15, 1961, the moratorium statute (former Civ. Code, § 22.3) became effective. ■ As stated in *Corning Hospital Dist.* v. *Superior Court* (1962) 57 Cal.2d 488 [20 Cal.Rptr. 621, 370 P.2d 325], the moratorium statute

suspended but did not destroy causes of action recognized in *Muskopf*, but it did prevent trial until the moratorium period ended. That expiration date was on September 20, 1963, a period of one year 4½ months beyond the filing of the remittitur in the *Good* appeal. Thus 16½ months of impracticability to go to trial after the *Good* appeal was decided should be added to the 19 months of impracticability to go to trial because of the *Good* appeal, or a total of 35½ months' extension of the five-year period, bringing the dismissal date to March 1967.

It would seem that it was inadvisable during the moratorium period for the plaintiffs to go to trial on the proprietary theory only. It is a serious question as to whether the State's operation at the Oroville dam was in a proprietary rather than a governmental capacity and it is doubtful whether a skillful lawyer would go to trial on the one theory when by outwaiting the moratorium he might be able to try both theories.

 ''Since the Legislature did not intend to destroy plaintiffs' cause of action but only to suspend it (*Corning Hospital Dist.* v. *Superior Court, supra*, at p. 494) it appears to us that the Legislature must have intended that the time limitations imposed by Code of Civil Procedure, section 583, should not continue to run during the moratorium period.'' (*Hsu* v. *City & County of San Francisco* (1966) 240 Cal.App. 2d 317, 321 [49 Cal.Rptr. 531].)

Moreover, the appeals from the court's dismissal of the complaints in the Hercules and Coast cases also extended the five-year period for dismissal.

 It has been held that merely because an action could not be brought to trial against one defendant does not relieve a plaintiff from proceeding against another defendant, and if the plaintiff fails to do so, the latter defendant may properly dismiss the action for failure to prosecute. (*Dowling* v. *Superior Court* (1932) 122 Cal.App. 443, 445-446 [10 P.2d 197]; *Ellsworth* v. *United States Metals Corp.* (1952) 110 Cal.App.2d 727 [243 P.2d 575].) However, in the instant case the very fact that the parties stipulated that a dismissal would not be requested during these appeals indicates that it was considered impracticable by all parties to try the case only against the State. Undoubtedly the reason that the State entered into the stipulations was that it did not desire to have the cases tried on a piecemeal basis as to parties or issues.

Although plaintiffs' attorneys entered into the stipulations

with full knowledge of the delays, at no point did they *know* that they were safe from dismissal motions. They were simply safeguarding themselves against procedural fears and uncertainties as they went along. At no time did they waive any defenses they might have against later motions to dismiss. At no point was there any conduct creating an estoppel. Then, subsequent noncompliance with the six months' deadline simply gave the State the right to invoke the five-year dismissal statute but did not deprive plaintiffs of the right to resort to those rules of law which suspend the running of time under the dismissal statutes.

With the desire of the parties that the cases not be tried piecemeal either as to issues or parties, and the impracticability of going to trial as herein set forth, the court should have determined that the dismissal period had been extended because of impracticability of going to the type of trial that all parties indicated they desired, and should have denied the motions to dismiss.

The judgments are reversed and the cases remanded to the trial court to set a reasonable limitation as to the time when the cases must go to trial.

Pierce, P. J., and Friedman, J., concurred.

The petition of the respondent State of California for a hearing by the Supreme Court was denied July 23, 1969.