[Civ. No. 44672. Second Dist., Div. Four. Mar. 24, 1975.]

MICHAEL DEAN LOPA, JR., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
MICHAEL LOPA et al., Real Parties in Interest.

COUNSEL

Ruston & Nance and Peter M. Callahan for Petitioner.

No appearance for Respondent.

Davis & Davis, M. Stephen Davis and Perkal & Fields for Real Parties in Interest.

OPINION

COLE, J.*—Petitioner Michael Dean Lopa, Jr. (hereafter Lopa, Jr.) seeks by these proceedings to have this court review the orders of respondent court which denied his motions to quash service of summons and to dismiss under Code of Civil Procedure, section 581a. We hold that the motion to quash was properly denied but that the motion to dismiss should have been granted.

The accident out of which this litigation arose occurred on or about March 15, 1970, between two automobiles, one of which was driven by Lopa, Jr., and the other by Paul Charles Hohman. The accident resulted in the death of Lopa, Jr.'s, brother, Daniel Lee Lopa, and injury to Roy C. Zeigler, both of whom were guests in the car driven by Lopa, Jr. Michael Lopa and Shirley Lopa, the parents of Lopa, Jr., and Daniel Lopa and the real parties in interest herein, brought suit against Hohman and "Does I through VIII, inclusive," on December 7, 1970 (No. NC C 7845-B).

On February 16, 1971, an action was commenced by Paul Charles Hohman, through his father as his guardian ad litem, and his father, Walter Hohman, naming Lopa, Jr., and others as defendants, which action was based on the same accident (No. NC C 7998-B). On June 10, 1971, Lopa, Jr.'s, motion to file a cross-complaint against Paul Charles Hohman and Walter Hohman in action No. NC C 7998-B was granted.

On November 9, 1972, on motion of Paul Charles Hohman and Elizabeth Hohman, as defendants in case No. NC C 7845-B, to consolidate that action with case No. NC C 7998-B for "pretrial and trial," the court made its order granting that motion. Thereafter further

*Assigned by the Chairman of the Judicial Council.

proceedings in the cases were carried on under consolidated hearings. Such proceedings included discovery, trial setting conference, and mandatory settlement conference. On December 10, 1973, pursuant to a settlement reached between Paul Charles Hohman, as plaintiff, and Lopa, Jr., Browne C. Hamilton, the owner of the vehicle driven by Lopa, Jr., as defendants, in case No. NC C 7998-B, that action was dismissed by Hohman as against Lopa, Jr., and Hamilton. However, Lopa, Jr.'s, cross-complaint against Walter Hohman remained to be prosecuted.

Purported service of the summons and complaint in the senior Lopas' suit against the Hohmans (No. NC C 7845-B) was made upon Lopa, Jr., as a Doe defendant on April 2, 1974. On May 17, 1974, Lopa, Jr., filed a notice of motion to quash the service of the summons upon him. On June 5, 1974, the senior Lopas filed a motion to amend complaint, the proposed amended complaint naming Lopa, Jr., as the driver of the car in which Daniel Lopa was riding at the time of the accident (for some unexplained reason the amended complaint itself bears a filing date of May 29, 1974). These motions were heard on June 7, 1974. Lopa, Jr.'s, motion to quash was denied. The minutes of the trial court do not reflect any disposition of the senior Lopas' motion to amend the complaint. However, the notice of ruling with respect to the proceedings of June 7, 1974, states that the motion to amend the complaint was granted. And Lopa, Jr., in his petition for writ of prohibition and writ of mandate states, "The motion for leave to file the proposed amended complaint was granted on June 7, 1974."

On June 26, 1974, Lopa, Jr., filed a notice of motion to dismiss for failure to serve the summons within three years of the date of issuance thereof (Code Civ. Proc., § 581a)[1] and for reconsideration of the motion to quash service of summons and complaint. Both these motions were heard on July 12, 1974, and the court made its order denying the motions. The minute order stated that "Defendant has 30 days to prepare an appeal." Inasmuch as neither of these orders was appealable, it would appear that the purpose of the 30-day provision was to permit a review by appropriate writ.[2] Thereafter, on August 2, 1974, the petition

---

[1]All statutory references hereafter, unless otherwise noted, are to sections of the Code of Civil Procedure.

[2]Real parties in interest contend that Lopa, Jr.'s, petition was not timely filed, claiming that under section 418.10 a party is allowed only a maximum of 20 days within which to petition for a writ of mandate after a denial of the party's motion to quash service of summons. We do not pursue the question because section 418.10 by its terms relates to motions to quash based on lack of jurisdiction of the court over a party or an inconvenient forum and not to motions made on the grounds here asserted.

for writ of prohibition and writ of mandate was filed by Lopa, Jr. On August 20, 1974, this court issued its alternative writ and on October 16, 1974, issued a supplement and amendment to the alternative writ.

Two issues are presented by this proceeding. They are:

1. Was Lopa, Jr., amenable to service as a Doe defendant in case No. NC C 7845-B?

2. Is the action required to be dismissed pursuant to the provisions of section 581a by reason of the senior Lopas' failure to make service upon Lopa, Jr., within three years from the time of the filing of the complaint?

### The Motion to Quash Was
### Properly Denied

■ The contentions of the parties with respect to the propriety of service upon Lopa, Jr. as one of the eight Does named in action No. NC C 7845-B revolve around the question whether plaintiffs were "ignorant of the name" of Lopa, Jr. within the meaning of section 474.[3] Lopa, Jr., claims that his identity was at all times known to his parents, as were all the facts bearing upon his alleged liability to them, and thus that the provisions of section 474 were unavailable to them. The senior Lopas have pointed out that under the rule stated in *Barnes* v. *Wilson* (1974) 40 Cal.App.3d 199 [114 Cal.Rptr. 839], such knowledge on the part of a plaintiff does not preclude the service upon a known participant against whom recovery is sought on the same general facts and with respect to the same occurrence where the plaintiff is unaware that he has a cause of action until a later appellate decision makes such cause of action apparent. Since, they contend, they were unaware that they had a cause of action against Lopa, Jr. until the California Supreme Court held in *Brown* v. *Merlo,* 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212][4] that the guest statute (Veh. Code, § 17158) was unconstitutional, the amendment was proper. This court held in *Johnson* v. *Goodyear Tire & Rubber Co.* (1963) 216 Cal.App.2d 133 [30 Cal.Rptr. 650], that a pleading could be amended under section 474 "where plaintiff knew the true name of the

[3]Section 474 provides in pertinent part as follows: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly; . . ."

[4]The opinion in *Brown* v. *Merlo,* 8 Cal.3d 855 [106 Cal.Rptr. 388, 506 P.2d 212], was filed on February 20, 1973, slightly over a year and one month prior to the time of service of the summons on Lopa, Jr.

defendant and knew all of the facts giving rise to a cause of action against him, but was unaware at the time of filing that he had such cause of action. . . ." (216 Cal.App.2d at p. 137; see also *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596 [15 Cal.Rptr. 817, 364 P.2d 681].)

In the instant case the recovery sought in the amended complaint is clearly based on the same general facts as those set forth in the original complaint. It was there alleged that Daniel Lopa was a passenger in a car but the driver of the car was not named. In the amended complaint, Lopa, Jr., is named as the driver of the car and it is alleged that his negligence and the negligence of Paul Charles Hohman proximately caused the death of Daniel Lopa.

The trial court correctly determined that plaintiffs were entitled to amend their complaint to state a cause of action against Lopa, Jr., designated in the original complaint as a fictitiously named defendant, pursuant to section 474, and that, as a result, the amended complaint could be deemed filed as of the date of the filing of the original complaint. The motion to quash was correctly denied.

### The Motion to Dismiss Should Have Been Granted

Section 581a provides in pertinent part as follows: "(a) No action heretofore or hereafter commenced by complaint shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named as a party or not, unless the summons on the complaint is served and return made within three years after the commencement of said action, except where the parties have filed a stipulation in writing that the time may be extended or the party against whom the action is prosecuted has made a general appearance in the action."

The senior Lopas filed their complaint on December 7, 1970, and service was made on Lopa, Jr., on April 2, 1974, approximately three years and four months after the complaint was filed. ■ It is established that as to a defendant named in the original complaint by a fictitious name the action commences for purposes of section 581a on the date of the filing of the complaint. (*Watson* v. *Superior Court* (1972) 24

Cal.App.3d 53, 61 [100 Cal.Rptr. 684]; *Warren* v. *Atchison, T. & S. F. Ry. Co.* (1971) 19 Cal.App.3d 24, 38 [96 Cal.Rptr. 317]; *Rios* v. *Torvald Klaveness* (1969) 2 Cal.App.3d 1077, 1082 [83 Cal.Rptr. 150].)

While earlier cases held that section 581a was mandatory and jurisdictional (see, e.g., *Gonsalves* v. *Bank of America* (1940) 16 Cal.2d 169, 172 [105 P.2d 118]) and did not recognize any exceptions not expressly stated in the statute (see, e.g., *White* v. *Superior Court* (1899) 126 Cal. 245, 247 [58 P. 450]; *Cahn* v. *Jones* (1950) 101 Cal.App.2d 345, 348 [225 P.2d 570]), later cases have rendered a more liberal interpretation of it. Thus, in *Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 at pages 740-741 [329 P.2d 489], the Supreme Court held that "notwithstanding the mandatory language of section 581a, the trial court is vested with discretion in applying the exceptions comparable to the discretion with which it is vested in applying the exceptions to section 583." The court went on to say (50 Cal.2d at p. 741): "As with the exercise of the court's other inherent and statutory powers to dismiss actions for want of diligence in either serving the summons or bringing the action to trial, the discretion permitted must be 'exercised in accordance with the spirit of the law and with a view of subserving, rather than defeating, the ends of substantial justice.' [Citation.] Each case must be decided on its own particular facts, and no fixed rule can be prescribed to guide the court in its exercise of this discretionary power under all circumstances." (See *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 437 [96 Cal.Rptr. 571, 487 P.2d 1211].)

With respect to the nonstatutory exceptions to the provisions of section 581a, the Supreme Court in *Busching* v. *Superior Court* (1974) 12 Cal.3d 44, at page 53 [115 Cal.Rptr. 241, 524 P.2d 369], stated as follows: "In addition to the statutory exceptions stated in section 581a, subdivision (a), and despite the mandatory language thereof, nonstatutory exceptions to its directive have been recognized. (*Wyoming Pacific Oil Co.* v. *Preston* (1958) 50 Cal.2d 736 [329 P.2d 489], holding that noncompliance may be excused where it is established that it was 'impracticable, impossible, or futile' to comply; *Tresway Aero, Inc.* v. *Superior Court* (1971) 5 Cal.3d 431, 441-442 [96 Cal.Rptr. 571, 487 P.2d 1211], holding that the defendant may be estopped by his own conduct.) Unless the record affirmatively discloses the existence of a sufficient excuse or the basis for an estoppel, the burden rests upon the plaintiff to prove it. (*McKenzie* v. *City of Thousand Oaks* (1973) 36 Cal.App.3d 426, 430 [111 Cal.Rptr. 584]; *Watson* v. *Superior Court, supra,* 24 Cal.App.3d 53, 58; *Hill* v. *Superior Court, supra,* 251 Cal.App.2d 746, 755 [59 Cal.Rptr. 768].)"

■ The plaintiffs here were unaware that they had a cause of action against Lopa, Jr., until the decision of the Supreme Court in *Brown* v. *Merlo.* Was it impracticable, impossible or futile for them to attempt to serve Lopa, Jr., as a Doe defendant? It obviously was not impossible in the strictest sense. They could have asserted a claim against him. Had they done so, however, they would immediately have been met by appellate court decisions, (e.g., *Forsman* v. *Colton* (1933) 136 Cal.App. 97, 102 [28 P.2d 429]; *Ferreira* v. *Barham* (1964) 230 Cal.App.2d 128 [40 Cal.Rptr. 739]; *Stephan* v. *Proctor* (1965) 235 Cal.App.2d 228, 231 [45 Cal.Rptr. 124]) which held that statute to be constitutional.

The precise question is whether ignorance of a cause of action constitutes such impracticability and futility as to prevent the running of the statute. In an old case, *Davis* v. *Hart* (1899) 123 Cal. 384, 388 [55 P. 1060], the Supreme Court said, *in dictum,* that ignorance of a right of action would not prevent the running of the provisions of section 581a. That decision long pre-dates the decision in *Wyoming Pacific Oil Co.* v. *Preston, supra,* 50 Cal.2d 736, applying to section 581a the exceptions previously read into section 583 by cases such as *Christin* v. *Superior Court* (1937) 9 Cal.2d 526 [71 P.2d 205, 112 A.L.R. 1153]; *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61 [168 P.2d 665], and numerous others. *Stella* v. *Great Western Sav. & Loan Assn.* (1970) 13 Cal.App.3d 732, 736-738 [91 Cal.Rptr. 771], was a case seeking to hold defendant association liable for damages suffered to plaintiff's tract home. In other actions homeowners in the same tract had also sought to assert such liability, only to have non-suits granted against them. The Supreme Court ultimately held that liability might exist under the facts. (*Connor* v. *Great Western Sav. & Loan Assn.* (1968) 69 Cal.2d 850 [73 Cal.Rptr. 369, 447 P.2d 609, 39 A.L.R.3d 224].) The court held in *Stella, supra,* 13 Cal.App.3d 732, 736-738, that because of those circumstances involving the very basis of the *Stella* action, it would have been impracticable and futile to proceed. It reasoned that: "Had plaintiffs proceeded to trial in 1964, unnecessary monetary expense, evidentiary duplication and legal complexity would have resulted, and a substantial amount of litigation might have been rendered meaningless. Additionally, there was the possibility of inconsistent judicial determinations with the problems attendant thereto. (*Brunzell Constr. Co. of Nevada* v. *Wagner* (1970) 2 Cal.3d 545, 554 [86 Cal.Rptr. 297, 468 P.2d 553].)

"Plaintiffs' forebearance in awaiting the outcome of the *Connor* appeal in our opinion well served the interests of judicial economy." (13 Cal.App.3d at p. 738.)

In *Arnold* v. *State of California* (1969) 273 Cal.App.2d 575 [78 Cal.Rptr. 309], a somewhat comparable situation existed with a ruling in one case being tested on appeal while companion cases waited trial. The court held that the failure to bring the case to trial within the time specified under section 583 (five-year provision) was excused.

We recognize that it is impossible to identify every situation in which a logical application of sections 583 and 581a will produce injustice and that the statute must be applied in light of all the circumstances in the individual case. (*General Motors Corp.* v. *Superior Court* (1966) 65 Cal.2d 88, 96 [52 Cal.Rptr. 460, 416 P.2d 492]; *Woley* v. *Turkus* (1958) 51 Cal.2d 402, 407 [334 P.2d 12]; *Arnold* v. *State of California* (1969) 273 Cal.App.2d 575 at p. 584 [78 Cal.Rptr. 309].)

The circumstances of this case indicate that it was not impracticable and futile to assert the claim now sought to be allowed. The senior Lopas were in no way prevented from trying to assert a cause of action against Lopa, Jr., notwithstanding the guest statute. Surely they faced the real possibility of rebuff, in light of the existing state of the law. But, that was the precise hurdle faced by plaintiff in *Brown* v. *Merlo, supra,* 8 Cal.3d 855. His determination and persistence in preserving his claim that the guest statute was unconstitutional ultimately produced the result he sought.

We think that the decisions of the Supreme Court in *Estate of Horman* (1971) 5 Cal.3d 62 [95 Cal.Rptr. 433, 485 P.2d 785], and *Monroe* v. *Trustees of the California State Colleges* (1971) 6 Cal.3d 399 [99 Cal.Rptr. 129, 491 P.2d 1105], conclude the question. In *Horman* the question was whether certain citizens of the U.S.S.R. who claimed the property of an intestate decedent were barred by the provisions of former section 1026 of the Probate Code, which required that they "must appear and demand the property within five years from the time of succession." They appeared and made their demands considerably later. Faced with the bar of the statute they argued that it would have been futile and impracticable to assert the claims earlier. Their reasoning was that, under the 1961 decision in *Estate of Gogabashvele* (1961) 195 Cal.App.2d 503 [16 Cal.Rptr. 77], it was the law that alien heirs residing in the U.S.S.R. could not inherit California estates. This rule of law was changed in 1966 when the Supreme Court decided *Estate of Larkin* (1966) 65 Cal.2d 60 [52 Cal.Rptr. 441, 416 P.2d 473]. Therefore, it was

urged, the implied exceptions of impracticability and futility recognized in connection with other statutes such as Code of Civil Procedure, section 583, should be applied to Probate Code, section 1026, and the time elapsed prior to the *Larkin* decision should not be counted.

Recognizing that on a proper showing the exceptions would be available, the Supreme Court rejected the argument. It pointed out that the claimants were in no way prevented by the *Gogabashvele* case from presenting their claims and that this was precisely what the successful *Larkin* claimants had done. The court said: "Under claimants' tolling theory, whenever a precedent was overturned recognizing a right of action theretofore denied by case law, all persons who had been aggreived between the decision of the precedent case and the decision of the overruling case could then file suit, no matter how many years had elapsed between. Such a proposition cannot be sustained. A contention identical in principle was rejected in *Bates* v. *Gregory*, 89 Cal. 387, 392-397 [26 P. 891]." (5 Cal.3d at p. 71.)

In *Monroe* v. *Trustees*, *supra*, 6 Cal.3d 399, a college professor was discharged in 1950 for failure to sign a required oath. The statute calling for the oath was held constitutional by the Supreme Court in 1952. (*Pockman* v. *Leonard* (1952) 39 Cal.2d 676 [249 P.2d 267].) In 1967 the Supreme Court overruled *Pockman*. (*Vogel* v. *County of Los Angeles* (1967) 68 Cal.2d 18 [64 Cal.Rptr. 409, 434 P.2d 961].) The professor then applied for and was refused reinstatement. He brought an action seeking both money damages for all of the past years and reinstatement. The court held that he was entitled to reinstatement but not to the money damages. It pointed out that "[p]etitioner has not identified any civil case, and our independent research has disclosed none, in which the retroactive operation of a judicial decision—even a constitutional one—has been held to revive old causes of action on which the statute of limitations had already run." (6 Cal.3d at p. 406, fn. 3.) The Supreme Court also stated that "the mere existence of a contrary precedent has never been considered sufficient to toll the running of the statute of limitations." (6 Cal.3d at p. 408, fn. 5; see also *Corning Hospital Dist.* v. *Superior Court* (1962) 57 Cal.2d 488, 494 [20 Cal.Rptr. 621, 370 P.2d 325].)

For these reasons we hold that it was not impossible, impracticable or futile for the senior Lopas to have filed their action against Lopa, Jr., and hence to have served and returned summons, at an earlier date. It follows that the motion to dismiss was erroneously denied. A peremptory

writ of mandate will issue commanding respondent to vacate its denial of the motion to dismiss and to grant the motion.

Files, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied April 16, 1975, and the petition of the real parties in interest for a hearing by the Supreme Court was denied May 22, 1975.