[Civ. No. 18951. First Dist., Div. One. Dec. 12, 1960.]

GLENN LEE HALL, Respondent, v. EVERETT T. MURPHY, Appellant.

Freitas, Allen, McCarthy & Bettini for Appellant.

Jack L. Burnam and Joseph L. Bortin for Respondent.

BRAY, P. J.—Defendant appeals from an order granting new trial.

### QUESTIONS PRESENTED

1. Did the order granting new trial unless both parties stipulate to an increase in the amount of the judgment constitute an additur by use of a conditional order?

2. Was there an abuse of discretion in granting a new trial for inadequacy of damages?

3. Is this a frivolous appeal?

### RECORD

This is an action for damages for personal injuries received in an automobile collision. The jury awarded plaintiff $6,791.02. On motion for new trial the following order was entered: "ORDERED that plaintiff's motion for a new trial is GRANTED upon all of the issues in this cause, solely upon the ground of insufficiency of the evidence to justify the verdict (and denied upon all other grounds), unless defendant, EVERETT T. MURPHY and plaintiff, GLENN LEE HALL, in writing, do stipulate on or before June 10, 1959, that the verdict of the jury may be set aside and judgment entered for plaintiff, GLENN LEE HALL, and against defendant, EVERETT T. MURPHY, in the amount of $13,500.00, together with costs." The order further provided that if such stipulation was filed within the time provided, the motion for new trial would be denied.

### 1. *Order Not Conditional Additur.*

 *Dorsey* v. *Barba* (1952), 38 Cal.2d 350 [240 P.2d 604], held that in this state a court may not increase an inadequate award in a case involving contested and unliquidated damages without the defendant's consent, and that the court had no power to make the denial of a motion for new

trial conditional on the plaintiff alone agreeing to an increase in the award. ■■■ However, we are faced with no such situation here. The change in the jury's award could only be made by the consent of both parties. The court, if it reasonably felt, as it did, that the damages were inadequate, could have granted the new trial without suggesting an amount which it thought the evidence warranted. (*Dorsey* v. *Barba, supra,* 38 Cal.2d at p. 358.) Under the order made here, plaintiff was under no obligation to waive his right to have a jury again determine the amount of his damage, and defendant likewise was under no obligation to forego his right to resist plaintiff's claim before a jury. Defendant argues that although the order appears to protect both parties, such protection in fact is illusory on two grounds: (1) that he is deprived of a trial by an impartial jury because of possible publicity that might follow from the making of the order; and (2) that the court is saying in effect: "Either settle this case for $13,-500, or I will grant new trials indefinitely until a jury agrees with my valuation of the case." Neither contention is well founded. The amount of publicity usually given to a lawsuit of this character could not possibly affect the action of a future jury. Applicable to the second contention is *Perry* v. *Fowler,* 102 Cal.App.2d 808, 813 [229 P.2d 46] : "To be sure there must in the long run be an end to litigation, but on the other hand it may equally as well be said that no case is ever rightly decided unless it accords with elemental principles of justice. [Citations.] We have no occasion here to grasp either horn of the dilemma. It will be time enough to bid the devil 'good morrow' when we meet him."

### 2. *No Abuse of Discretion.*

■■■ "An order granting a new trial upon the ground of the insufficiency of the evidence to sustain the judgment will not be disturbed upon appeal, unless there be a clear showing of abuse of discretion." (*Williams* v. *Field Transportation Co.,* 28 Cal.2d 696, 698 [171 P.2d 722].) ■■■ If the trial court believes that the amount of the verdict is grossly inadequate, then the verdict is not supported by the evidence and the new trial should be granted on the ground of insufficiency of the evidence, as inadequacy of the verdict is not a ground specified by section 657, Code of Civil Procedure, for the granting of a new trial. (See 3 Witkin, California Procedure, § 20, p. 2066.) While there was a conflict in the evidence as to the type, nature and extent of plaintiff's injuries, there is substantial evidence showing that the award was grossly in-

adequate. Without detailing all the evidence on the subject, there was evidence, which obviously the court (and the jury to some extent) believed, as opposed to defendant's evidence on the subject, to the effect that plaintiff had suffered brain injury, a loss of hearing, and bursitis. He still had headaches, pain, difficulty with his left hand, and tenderness in the left elbow on pressure. His condition will not improve much. A doctor testified that there is a 30 per cent chance that he may develop epilepsy. He faces the possibility of a long-term disability. The evidence showed special damages of $3,767.02. The court stated that the difference between that figure and the $6,791.02 was not ''a fair amount to compensate this man for pain and suffering and all of the consequences that ensued from the negligence of the defendants . . .'' The court did not abuse its discretion in finding that this award was inadequate.

3. *Not a Frivolous Appeal.*

 Plaintiff would have us determine that this is a frivolous appeal brought solely for purposes of delay, and add damages under section 957, Code of Civil Procedure, to the costs on appeal. While defendant's contentions are erroneous, we see nothing in the appeal to warrant a conclusion that the appeal was not brought in good faith. Although there was considerable delay on defendant's part in perfecting the appeal and in filing his opening brief, the extensions of time to file the brief were under court order without any objection from plaintiff for a period of over seven months.

Plaintiff's request for damages on this appeal is denied.

The order is affirmed.

Tobriner, J., and Duniway, J., concurred.

A petition for a rehearing was denied January 9, 1961.