[Civ. No. 19795.   First Dist., Div. Three.   Mar. 16, 1962.]

KENNETH COTTON, Plaintiff and Appellant, v. TERRENCE HALLINAN, Defendant and Respondent.

Tinning & DeLap and Robert Eshleman for Plaintiff and Appellant.

James Martin MacInnis for Defendant and Respondent.

DRAPER, P. J.—This appeal turns upon construction of the trial court's order of April 3, 1956, determining defendant's motion for new trial.

Only three years are allowed to bring an action to trial after entry of order granting new trial (Code Civ. Proc., § 583). Thus if the 1956 order in fact granted new trial, the orders of July 13, 1960, dismissing the action for lack of prosecution and denying plaintiff's motion for issuance of execution are proper.

The action is for assault and battery. A jury awarded plaintiff $6,000 compensatory damages and $4,000 exemplary damages. On April 3, 1956, 7 days before expiration of the 60-day period allowed for determination of motion for new trial (Code Civ. Proc., § 660), the court made the following order:

"Defendant Hallinan's motion for new trial denied if counsel for plaintiff and said defendant will stipulate to a judgment in the sum of $3000.00 for general damages and $3000.00 for punitive damages, otherwise granted."

Plaintiff's counsel, not the same attorneys who represent him on this appeal, did nothing toward seeking trial until January 13, 1960, when the case was set for trial in February. Defendant moved to dismiss for lack of prosecution, and plaintiff moved for issuance of execution on the original judgment. Trial was stayed. The motions were heard by a judge other than the one who made the new trial order. Defendant's motion was granted and plaintiff's denied. Plaintiff appeals.

Appellant argues that the conditional portion of the

new trial order was void. This contention aids him, however, only if the order be treated as a denial of new trial, with a proviso that it will be granted if the condition is met. We think it apparent that this construction is unwarranted. It is true that the first word dealing with disposition of the motion is ''denied.'' But it is clear that this phrase is modified by that immediately following, stating the condition upon which denial is to be effective. Appellant's construction would deny all meaning to the concluding words of the order: ''otherwise granted.'' While it is more common to grant the new trial ''unless'' remission is filed (see *Hall* v. *Murphy,* 187 Cal.App. 2d 296, 297 [9 Cal.Rptr. 547]), the form here used has precedent (*Davis* v. *Southern Pac. Co.,* 98 Cal. 13 [32 P. 646]). The only reasonable construction of this order is that new trial is granted, and that the parties may avoid that order by agreeing upon reduction of the verdict.

Nor do we find any invalidity in the condition stated in the order. A question arises when the court specifically provides for performance of the condition at a time beyond the 60 days within which it may pass on the motion for new trial, and where the condition may be performed by the unilateral act of one party (*McDonald* v. *Randolph,* 80 Cal.App.2d 367 [181 P.2d 909]; *Ertman* v. *Municipal Court,* 68 Cal.App.2d 143, 146 [155 P.2d 908, 156 P.2d 940]). Here, however, the order was made well within the time limited by the code for passing upon the new trial motion, and did not purport to fix a time beyond that 60-day limit for performance of the condition. Moreover, the condition here called for bilateral action—the stipulation of both parties to the reduced judgment. Such stipulation, if made, could be effective at any time, without regard to the time limits upon new trial.

■ Appellant also argues that the conditional order improperly restricted his right to a jury trial. The contention is difficult to comprehend. Either increase or reduction of a verdict upon motion for new trial does impinge upon the right to jury trial of a party whose consent to the modification is not required by the order. It is for this reason that California refuses to permit additur when only consent of the defendant is required as a condition to denial of new trial (*Dorsey* v. *Barba,* 38 Cal.2d 350 [240 P.2d 604]). Remittitur upon consent of plaintiff alone similarly deprives defendant of his right to reassessment of damages by the jury, but *Dorsey* permits the practice only because it has been so long recognized and allowed. ■ Under the most stringent

restriction upon the court's right of modification, however, one who is given an option of retrial cannot complain of curtailment of his rights. Here, the reduction was to be effective only upon consent of both parties. Clearly neither was deprived of jury trial, since he could lose that right only by his own volition, rather than by any compulsion (see *Hall* v. *Murphy, supra,* 187 Cal.App.2d 296, 298).

In the case at bar, the trial court had the power, under *Dorsey,* to condition denial of new trial upon a reduction consented to by plaintiff only. The fact that it chose not to exercise that power does not invalidate the order. Appellant asserts that the condition is meaningless, because it requires as a condition to the reduction only a stipulation which the parties could have made without an order. Whatever the merit of this contention, it can hardly be argued that ineffectiveness of a condition permitting avoidance of an order defeats the order itself. It is clear that the court, with perhaps excessive caution, avoided the criticism advanced in *Dorsey* v. *Barba, supra,* 38 Cal.2d 350, by meeting its argument against unilateral consent.      Plaintiff did not appeal from the new trial order. He neither sought construction of it nor asked for retrial for more than three years. His own inaction bars further prosecution.

Orders affirmed.

Salsman, J., and Devine, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 9, 1962.