[Civ. No. 8331.   Fourth Dist., Div. Two.   Aug. 17, 1967.]

LAWRENCE DEAN AVERY, Plaintiff and Appellant, v. JOHN LEROY WATJE et al., Defendants and Respondents.

Brown, Chapman & McBay and Don L. Chapman for Plaintiff and Appellant.

Parker, Stanbury, McGee, Peckham & Garrett and Alan E. Johnson for Defendants and Respondents.

THOMPSON (Raymond), J. pro tem.[†]—This was an action for personal injuries arising out of a rear-end collision,

[†]Assigned by the Chairman of the Judicial Council.

resulting in claimed whiplash and low back injuries by plaintiff, a 29-year-old sewage treatment plant operator. He recovered judgment on jury's verdict in the sum of $2,000, and after order denying his motion for new trial, appeals, contending that the trial judge was guilty of abusing his discretion for failing to grant his motion for new trial on the ground of inadequacy of the verdict.

Complaint was filed September 19, 1963, against the defendants John LeRoy Watje et al, which was duly answered, and the case brought to trial. The action grew out of an accident which occurred on September 20, 1962, in Riverside, wherein appellant's vehicle was struck in the rear by a crane truck driven by the defendant Watje and owned by the corporate defendant, A&A Equipment and Construction Company, Inc.

Following the accident, appellant suffered from a headache similar to one he had had in connection with a prior accident, also a rear-end collision, which had occurred in 1960. The morning following the accident in question, appellant was "feeling bad" and went to see Dr. John Ivanoff, an orthopedic surgeon in the City of Riverside, who took X-rays of the neck and prescribed medication and the use of a cervical collar which, incidentally, was the same collar he had used in connection with his prior accident. The record is unclear as to the exact date, but at some later time appellant returned to the doctor's office complaining of pain in the low back, and at that time X-rays were taken of the dorsal segment of the spine, which were negative. Appellant continued to complain of pain; however, his complaints were equivocal and varied from time to time, there being periods when he was free of symptoms so far as the low back was concerned. In July 1963 he was hospitalized, placed at bed rest, given medication for pain, and placed in pelvic traction. About this time, Dr. Ivanoff performed a nonsurgical procedure of a sciatic nerve stretch, which seemed to relieve the symptoms. Defendant left the hospital on August 6, 1963. He continued to have complaints of low back pain, radiating to the toe, and was again hospitalized in April 1964, when he had a lumbar myelogram performed. On May 11, 1964, appellant was readmitted to the hospital for a laminectomy, in which it was found there was a bulging protruding disc on the lumbrosacral level.

We need not detail all of the evidence, but will note that Dr. Ivanoff testified that in his opinion the injury in question constituted an insult to a previously existing degenerate condition of the disc which was finally removed. Plaintiff claims

considerable loss of earnings and medical expenses of $3,156.48.

Further significant facts are that appellant was born with a deformed low back in the area where the operation took place. As early as high school, he was having back problems. He had two back injuries while in the military service. In 1960 he was involved in a rear-end type of accident and suffered symptoms therefrom right up until the rear-end collision with respondent. Before the accident in question, he had sustained a twisting, partial falling, type of injury in which he injured his foot, and for which he was disabled and was collecting workmen's compensation at the time of the accident involved in this case.

There is evidence that the impact involved in the accident in question was slight, and that appellant did not complain of pain at the time of the accident. Dr. Ivanoff testified that the degenerative process of the disc, which was removed, was in progress for some time before the accident.

Finally, appellant was involved in a third rear-end collision after the accident with respondent. Although he claims this was minor, he did go to his doctor on account thereof.

Defendant was working during a good share of the interim between the accident and the operation. His work involved lifting of fairly heavy objects.

The law involved is so basic as to hardly warrant repetition. The cases cited by appellant recite the well-understood rule that unless there is a gross abuse of discretion, the determination of the trial court in granting or refusing a new trial will not be set aside. Appellant cites *Hall* v. *Murphy,* 187 Cal.App.2d 296, 298 [9 Cal.Rptr. 547]; *Patterson* v. *Rowe,* 113 Cal.App.2d 119, 122 [247 P.2d 949]; *Collier* v. *Landram,* 67 Cal.App.2d 752, 759 [155 P.2d 652]; and *Bencich* v. *Market Street Ry. Co.,* 20 Cal.App.2d 518, 521 [67 P.2d 398]. The cases on this subject are collected in 36 Cal.Jur.2d, New Trial, § 13, pp. 145-150.

It would seem from the record that the jury's verdict and the judge's determination to allow it to stand were well within the bounds of reasonableness. It might well have been felt that the accident in question had no substantial effect on plaintiff's low back condition by reason of its prior existence, and the other injuries.

Judgment is affirmed.

McCabe, P. J., and Kerrigan, J., concurred.