[L.A. No. 29992. In Bank. Dec. 22, 1972.]

McDONOUGH POWER EQUIPMENT CO., Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
MARY GRASSO, Real Party in Interest.

528

## Counsel

Dryden, Harrington & Swartz and Peter Abrahams for Petitioner.

No appearance for Respondent.

Olney, Levy, Kaplan, Ormes & Tenner, Jack Tenner, Richard Devirian and Hugh R. Manes for Real Party in Interest.

Robert E. Cartwright, Theodore A. Horn, Marvin E. Lewis, William H. Lally, Joseph W. Cotchett, Herbert Hafif and Leonard Sacks as Amici Curiae on behalf of Real Party in Interest.

## Opinion

**SULLIVAN, J.**—Petitioner McDonough Power Equipment Co. seeks a writ of mandate to compel respondent superior court to dismiss a pending action for lack of prosecution pursuant to Code of Civil Procedure[1] section 583, subdivision (b), because it was not brought to trial within three years after the filing of the remittitur on a previous appeal. We have concluded that the writ should issue.

Following is a chronology of the pertinent procedural events: On *June 4, 1965,* real party in interest Mary Grasso (hereafter plaintiff) commenced against petitioner McDonough Power Equipment Co. (hereafter defendant) the underlying action for damages for personal injuries. On *November 10, 1965,* the trial court sustained without leave to amend defendant's demurrer to the complaint on the grounds of the statute of limitations and on December 2, 1965, entered a judgment of dismissal. Plaintiff appealed and, on August 2, 1968, the Court of Appeal reversed the judgment with directions to overrule the demurrer. (*Grasso* v. *McDonough Power Equipment, Inc.* (1968) 264 Cal.App.2d 597 [70 Cal.Rptr. 458].)

On *October 7, 1968,* the remittitur was filed in respondent superior court.

[1]Hereafter, unless otherwise indicated, all section references are to the Code of Civil Procedure.

On January 17, 1969, defendant answered the complaint. The cause came on for trial in July 1971, but was continued to November 2, 1971, at which time defendant moved for dismissal under section 583, subdivision (b), on the ground that the action had not been brought to trial within three years from the filing of the remittitur. On November 4, 1971, respondent court denied defendant's motion[2] and reset the case for trial. Defendant thereupon filed the instant petition for a writ of mandate.

Preliminarily we note that since no direct appeal lies from the denial of a motion to dismiss, an appeal from the judgment after a trial is an inadequate remedy when the motion is meritorious. ■ Either a writ of mandate to compel dismissal or a writ of prohibition to restrain the trial is a proper remedy to enforce the trial court's duty to dismiss pursuant to section 583, subdivision (b). (*J. C. Penney Co.* v. *Superior Court* (1959) 52 Cal.2d 666, 669 [343 P.2d 919]; *Tomales Bay etc. Corp.* v. *Superior Court* (1950) 35 Cal.2d 389, 392 [217 P.2d 968]; 4 Witkin, Cal. Procedure (2d ed. 1971) Proceedings Without Trial, § 93, p. 2755.)

Subdivision (b) of section 583 provides in relevant part: "Any action heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced or to which it may be transferred on motion of the defendant, after due notice to plaintiff or by the court upon its own motion, unless such action is brought to trial within five years after the plaintiff has filed his action, except where the parties have filed a stipulation in writing that the time may be extended. . . . When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for a new trial . . . the action *must be dismissed* by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court." (Italics added.)

■ The three-year provision of subdivision (b) is clear and unambiguous and makes dismissal of the action mandatory unless it is brought to trial within three years of the filing of the remittitur. (*Good* v. *State of*

---

[2]The trial judge found "that it has been in excess of three years since the remittitur was filed" but concluded that after excluding the period of time during which the case was on appeal and "the Court was without jurisdiction to try the case," the five-year period provided by section 583, subdivision (b), for bringing a case to trial had not expired. Observing that if he felt the *three*-year period applied, he would dismiss the case, the trial judge stated "that the Legislature anticipated in drawing the five year decree that there would be a five year period during which the plaintiff had a free and unfettered right to bring it to trial . . . [and] that the overriding intent of the Legislature was to allow that five year period, regardless of the three year limitation."

*California* (1969) 273 Cal.App.2d 587, 591 [78 Cal.Rptr. 316]; *Mass* v. *Superior Court* (1961) 197 Cal.App.2d 430, 433 [17 Cal.Rptr. 549]; *McDonnell* v. *American Trust Co.* (1960) 178 Cal.App.2d 325, 328 [2 Cal.Rptr. 826]; *Legg* v. *United Benefit Life Ins. Co.* (1955) 136 Cal.App. 2d 894, 896 [289 P.2d 553]; *Cameron* v. *Cameron* (1952) 110 Cal.App.2d 258, 260-261 [242 P.2d 408]; *Neustadt* v. *Skernswell* (1950) 99 Cal.App. 2d 293, 295 [221 P.2d 694]; *Booth* v. *County of 'Los Angeles* (1945) 69 Cal.App.2d 104, 108 [158 P.2d 401]; accord: *Cotton* v. *Hallinan* (1962) 201 Cal.App.2d 415, 416 [20 Cal.Rptr. 40]; *McDonald Candy Co.* v. *Lashus* (1962) 200 Cal.App.2d 63, 68 [19 Cal.Rptr. 137]; *Inderbitzen* v. *Lane Hospital* (1936) 17 Cal.App.2d 103, 105 [61 P.2d 514].) ▇ It has been long and well settled that the above provision of the statute applies, and that dismissal is mandatory, in cases in which a judgment for the defendant entered upon an order sustaining a demurrer without leave to amend has been reversed. (*Good* v. *State of California, supra,* 273 Cal. App.2d 587, 589, 591; *Hsu* v. *City etc. of San Francisco* (1966) 240 Cal.App.2d 317, 322 [49 Cal.Rptr. 531]; *Lane* v. *Davis* (1964) 227 Cal. App.2d 60 [38 Cal.Rptr. 425]; *Robertson* v. *Superior Court* (1960) 180 Cal.App.2d 372, 375, 376 [4 Cal.Rptr. 297]; *McDonnell* v. *American Trust Co., supra,* 178 Cal.App.2d 325, 327; *Shutes* v. *Cheney* (1954) 123 Cal.App.2d 256, 263 [266 P.2d 902]; *Neustadt* v. *Skernswell, supra,* 99 Cal.App.2d 293, 294-295; *Smith* v. *City of Los Angeles* (1948) 84 Cal.App.2d 297, 302, 305 [190 P.2d 943].)

Plaintiff contends in the face of the foregoing authorities that the three-year provision of section 583, subdivision (b), applies only where a judgment is reversed after a previous trial on the merits. She argues that the above section expressly provides for a reversal "with cause remanded for a *new* trial" (italics added) and that section 656 defines a new trial as "a re-examination of an issue of *fact* in the same court *after a trial* and decision by a jury, court or referee." (Italics added.) ▇ But section 656, which is found within title 8 of part 2 of the code ("Of the Trial and Judgment in Civil Actions"), does not provide an exclusive definition of "trial" or "new trial," nor does it establish an identity of meaning between the term "trial" as used in section 656 and as used in section 583. On the contrary, in defining "trial" we have said "that it is the determination of an issue of law or fact" (*Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 859 [279 P.2d 8]) or "the examination . . . of the facts or law put in issue in a cause . . . ." (*Tregambo* v. *Comanche M. and M. Co.* (1881) 57 Cal. 501, 505; see also *Adams* v. *Superior Court* (1959) 52 Cal.2d 867, 870 [345 P.2d 466] and cases there cited; *Carney* v. *Simmonds* (1957) 49 Cal.2d 84, 90 [315 P.2d 305]; *City of Pasadena* v. *Superior Court* (1931) 212 Cal. 309, 313 [298 P. 968]; *Good* v. *State of California, supra,*

273 Cal.App.2d 587, 590-591; *Smith* v. *City of Los Angeles, supra,* 84 Cal.App.2d 297, 301-302 and cases there cited.) Witkin recognizes that "[i]n its broad meaning the term includes a trial on the law. But whether a hearing on demurrer constitutes a 'trial' usually depends upon the language and purpose of the particular statute." (4 Witkin, *supra,* Trial, § 2, p. 2862.)

█ Thus in applying section 583, a hearing on a demurrer constitutes a trial when the ensuing ruling is followed by a judgment of dismissal. As we said in *Berri* v. *Superior Court, supra,* 43 Cal.2d 856, 858-860: "With regard to the running of the five-year period, it has been held that the determination or a hearing on a demurrer to the complaint is not a trial within the meaning of section 583 of the Code of Civil Procedure and hence the action is subject to dismissal after the five-year period has expired *unless the ruling on demurrer is a final determination of the case.* [Citations.] When the demurrer has been sustained and judgment of dismissal has been entered there has been a trial and the action is not subject to dismissal under section 583. [Citations.] . . . *The essential thing is that the action be brought to a stage where final disposition is to be made of it.*" (Italics added.) Plaintiff's contention merely attempts to circumvent the above authorities. We find it totally without merit.

Plaintiff advances the alternate claim that the three-year provision of section 583 does not apply in any event because there has been no remand for a new trial. The point seems to be that in reversing the judgment the Court of Appeal merely directed the trial court "to overrule the demurrer insofar as it is based upon the statute of limitations." (*Grasso* v. *McDonough Power Equipment, Inc., supra,* 264 Cal.App.2d 597, 602.) █ The same contention advanced on similar facts was rejected in *Robertson* v. *Superior Court, supra,* 180 Cal.App.2d 372, 375: "In effect, in the instant case, the reversal of the former judgment directed, or at least authorized, a new trial on the remaining issues. An unqualified reversal remands a cause for a new trial." (See also *Good* v. *State of California, supra,* 273 Cal.App.2d 587, 591 and cases there cited; *Smith* v. *City of Los Angeles, supra,* 84 Cal.App.2d 297, 299, 302.)

█ We conclude that where, as in the instant case, a judgment of dismissal, entered upon an order sustaining a demurrer without leave to amend, has been reversed, the action must be brought to trial within three years from the filing of the remittitur in the trial court. In such case the determination of the issues of law raised by the demurrer constitutes a trial within the meaning of section 583. Upon the going down of the remittitur the cause is remanded for a new trial whether the decision so provides

expressly, is an unqualified reversal, or, as here, contains a direction only as to the overruling of the demurrer. Under such circumstances, the three-year provision of section 583, subdivision (b), applies and, since the action had been brought to trial, the five-year provision of such section has no application.

We therefore reject as entirely without merit plaintiff's contention that upon reversal of the judgment of dismissal the action is reinstated "under the umbrella" of the five-year provision of the statute. Nor, contrary to plaintiff's claim, does the addition in 1970 of subdivision (d)[3] to section 583 establish such a contention. The point of plaintiff's argument seems to be that subdivision (d) would be meaningless unless it were applied to all actions which had not been tried on issues of *fact*. This is just a circuitous way of arguing that the five-year provision instead of the three-year provision should govern the reversal of a judgment of dismissal entered on an order sustaining a demurrer because there has been no trial. As the above cited authorities make clear, there *has* been a trial. Subdivision (d) is not at all meaningless, since it governs in those cases where the five-year provision is properly applicable, said subdivision merely codifying a principle previously established in the case law. (See *Christin* v. *Superior Court* (1937) 9 Cal.2d 526, 530 [71 P.2d 205, 112 A.L.R. 1153]; 4 Witkin, *supra*, Proceedings Without Trial, § 103, p. 2766.)

Plaintiff further complains that the application of the three-year provision "has the effect of penalizing a diligent litigant for a judicial error not of her making." She points out that she is barred from proceeding only three and one-half years, rather than five years, after the filing of her complaint.[4] We recognize that in some instances where a judgment is speedily obtained, this result may follow. But plaintiff's argument ignores the fact that specified procedural events have brought the three-year provision into play. As we pointed out earlier, the subdivision is clear and unambiguous in its language and mandatory in its application. Any relief for the complaints which plaintiff makes must come from the Legislature.[5]

---

[3]Subdivision (d) of section 583 provides: "The time during which the defendant was not amenable to the process of the court and the time during which the jurisdiction of the court to try the action is suspended shall not be included in computing the time period specified in this section."

[4]This computation considers only the six months between June and December 1965, from the filing of the complaint until the judgment of dismissal, and the three years from the filing of the remittitur until the motion for dismissal under section 583, subdivision (b). Time spent on appeal is excluded from the computation. (§ 583, subd. (d), see fn. 3, *ante*; see also *Christin* v. *Superior Court, supra*, 9 Cal.2d 526, 530.)

[5]Indeed the Legislature has provided just such relief by amending section 583 (Stats. 1972, ch. 1014, p. 2057, § 1). In the words of the Legislative Counsel's

Finally, we observe that although it has been held that the three-year period may be extended by the implied exceptions of impossibility and impracticality (*Good* v. *State of California, supra,* 273 Cal.App.2d 587, 591) plaintiff made no attempt to invoke such exceptions either in the trial court or in this court. Further, we do not think that they could apply here in any event, since the trial judge specifically stated that he would have dismissed the action had he thought the three-year period applicable.

In the instant case the remittitur was filed on October 7, 1968. Under subdivision (b) of section 583, plaintiff was required to bring the action to trial by October 7, 1971. Since she failed to do so, it was mandatory upon the trial court to dismiss the action.

Let a peremptory writ of mandate issue as prayed.

Wright, C. J., McComb, J., and Burke, J., concurred.

**PETERS, J.**—I dissent. I cannot agree with the majority's conclusion that the three-year post-remittitur provision of subdivision (b) of section 583 of the Code of Civil Procedure applies to cases in which a judgment for the defendant, entered upon an order sustaining a demurrer without leave to amend, has been reversed on appeal.

I believe that in enacting section 583, the Legislature intended to establish consistent limiting standards applicable to all cases in which there has been a lack of diligent prosecution, and did not intend, as the majority

---

Digest the amendment, in pertinent part, "Provides that mandatory dismissal requirement of action not brought to trial within 3 years after judgment when new trial ordered is not a limitation on 5-year mandatory dismissal provision." The amendment effected this result by leaving the five-year limitation unchanged in subdivision (b), separating the three-year limitation into a new subdivision (c) and then adding the following language to subdivision (c): "Nothing in this subdivision shall require the dismissal of an action prior to the expiration of the five-year period prescribed by subdivision (b)."

"It is a settled principle of statutory construction that a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute. (*Twin Lock, Inc.* v. *Superior Court,* 52 Cal.2d 754, 761 [344 P.2d 788]; *People* v. *Valentine,* 28 Cal.2d 121, 142 [169 P.2d 1]; *Loew's Inc.* v. *Byram,* 11 Cal.2d 746, 750 [82 P.2d 1]; *City of Burbank* v. *Metropolitan Water Dist.,* 180 Cal.App.2d 451, 462 [4 Cal.Rptr. 757].)" (*Farmers Ins. Exch.* v. *Geyer* (1967) 247 Cal.App.2d 625, 634 [55 Cal.Rptr. 861].) The above amendment thus clearly indicates that the Legislature believed that without the benefit of such amendment the three-year provision where applicable prevailed over the five-year provision, and further buttresses the holding of this court based on the unambiguous and mandatory language of the subdivision prior to amendment.

hold, to establish a five-year limitation period for bringing a cause to trial by the plaintiff in the usual case, while establishing a three-year limitation period in those cases, such as the instant case, where there has been judicial error to the prejudice of the plaintiff.

The majority hold that where a demurrer has been erroneously sustained, the plaintiff has less time to proceed to trial than where a demurrer is properly overruled. To reach this anomalous result, the majority rely on a judicial construction of the term "new trial" found in subdivision (b) of section 583 rather than the clear statutory definition of the term found in section 656 of the Code of Civil Procedure. They so rely although the judicial construction they have selected has been developed in furtherance of the policy that all cases should be disposed of on the merits, rather than, as in the instant case, to frustrate that policy.

Section 583 establishes a comprehensive legislative scheme for the discretionary and mandatory dismissal of actions which have not been diligently prosecuted. Under section 583, if a case has not been brought to trial, the court *may* dismiss it after two years and *must* dismiss it after five. The five-year provision was established by the Legislature because it was thought sufficient to afford fair opportunity to bring a cause to trial, " 'even though a part of the five-year period must necessarily be consumed in service of process, *disposition of demurrers,* amendment of pleadings, if necessary, usual and reasonable time consumed in waiting for a place on the court's calendar or in securing the attendance of a jury and suchlike usual and necessary proceedings; . . .' " (*J. C. Penney Co.* v. *Superior Court,* 52 Cal.2d 666, 670 [343 P.2d 919]; italics added.)

As stated in the concurring opinion of Justice Herndon in *Lane* v. *Davis,* 227 Cal.App.2d 60, 65 [38 Cal.Rptr. 425]: "In essence, then, it is clear that the language of section 583 expresses a recognition by the Legislature that, in view of essential and appropriate procedural steps leading to a trial, it would be inadvisable to dismiss an action in less than two years, but that it should be dismissed at the end of five years, unless extended by certain judicially created exceptions, or by stipulation of the parties."

However, where there has been a trial on the merits and a final judgment which has been reversed on appeal, the plaintiff does not necessarily need five years from the filing of the remittitur to bring his case to trial a second time. Of necessity, all pretrial activities have been completed prior to the first trial on the merits and the plaintiff need only wait for a new trial date after the remittitur. There would be no good reason other than crowded court calendars for not scheduling the second trial promptly.

Thus, the Legislature decreed in subdivision (b) of section 583 that a plaintiff shall be allowed three rather than five years in which to retry his case after the filing of the remittitur.[1] As stated in *St. Louis-San Francisco Ry. Co.* v. *Superior Court,* 276 Cal.App.2d 762, 769 [81 Cal.Rptr. 705]: "The legislative determination that a plaintiff may have five years within which to complete all necessary proceedings prior to the first trial, whereas a new trial after reversal upon appeal must be had more promptly, i.e., within three years, is based upon practical procedural considerations and is a reasonable classification, applicable alike to all litigants."

This legislative scheme dictates the conclusion that the Legislature never intended that the three-year provision of subdivision (b) of section 583 be applied to cases where there has been no trial on the merits. If it were applied to such cases, the three-year provision would unjustly and unreasonably eliminate a major portion of the plaintiff's time to complete discovery and all other necessary pretrial proceedings. Any other application would penalize the plaintiff for a delay beyond his control, something we condemned in *General Motors Corp.* v. *Superior Court,* 65 Cal. 2d 88, 97 [52 Cal.Rptr. 460, 416 P.2d 492].

Moreover, the crucial term in subdivision (b) is "new trial," and the majority's application of this term is clearly contrary to section 656 of the Code of Civil Procedure.

---

[1]In August of 1972, the Legislature revised section 583 to provide that the three-year time limit for bringing a case to trial a second time shall not operate as a limitation on the five-year mandatory dismissal provision of the section. (Stats. 1972, ch. 1014, p. 2057.) A plaintiff will therefore have at least five years from the time of the filing of the original complaint to bring his case to a final trial even where he has had one trial on the merits. No plaintiff will be penalized for his initial diligence in bringing his case to an early trial or for judicial error at that trial.

As the majority state in footnote 5, "a material change in the phraseology of a legislative enactment is ordinarily viewed as showing an intention on the part of the Legislature to change the meaning of the statute." (*Twin Lock, Inc.* v. *Superior Court,* 52 Cal.2d 754, 761 [344 P.2d 788].) There is no doubt that this change in the phraseology providing that plaintiffs who have had one trial on the merits shall have five years to bring their case to a final trial amounts to a material change in the meaning of section 583.

The question presented here is whether the change in the phraseology also must be viewed as a material change in the statute as to cases in which there has been no trial on the merits. There is no reason to assume that, when the Legislature has materially revised a statute, it has intended to change every aspect of the statute. Once a material change in the statute has been found arising from the phraseology of the amendment, the rule of construction relied upon by the majority is of no help in determining the scope of the change caused by that phraseology. In this situation, we should hold that, although the change in phraseology has changed the rule applicable where there has been a trial on the merits, the new phraseology is merely a clarification of the rule where there has been no trial on the merits. (Cf. 45 Cal.Jur. 2d, Statutes, § 60, p. 582; *Martin* v. *California Mut. B. & L. Assn.,* 18 Cal.2d 478, 484 [116 P.2d 71]; *Union League Club* v. *Johnson,* 18 Cal.2d 275, 278-279 [115 P.2d 425]; *In re Marriage of Paddock,* 18 Cal.App.3d 355, 360 [95 Cal.Rptr. 652].)

Subdivision (b) of section 583 provides in pertinent part: "When in an action after judgment, an appeal has been taken and judgment reversed with cause remanded for *a new trial* . . . the action must be dismissed by the trial court, on motion of defendant after due notice to plaintiff, or of its own motion, unless brought to trial within three years from the date upon which remittitur is filed by the clerk of the trial court." (Italics added.)

Section 656 of the Code of Civil Procedure defines a "new trial" as "a re-examination of an issue of fact in the same court after a trial and decision by a jury, court, or referee." This definition of a "new trial" clearly envisions a second trial on the merits after the resolution of an initial trial on the merits. Under this legislative definition of "new trial," it is clear that the three-year post-remittitur provision of subdivision (b) of section 583 should apply only when there has been a trial on the merits.

The majority refuse to accept the applicability of this definition of "new trial" to section 583 cases. In rejecting this definition, the majority rely on cases that have defined the term "trial" rather than the term "new trial" and on several cases that have defined the term "new trial" for purposes other than the interpretation of section 583. Although the majority are supported by several Court of Appeal cases (*Good* v. *State of California* (1969) 273 Cal.App.2d 587, 589, 591 [78 Cal.Rptr. 316]; *Hsu* v. *City etc. of San Francisco* (1966) 240 Cal.App.2d 317, 322 [49 Cal.Rptr. 531]; *Lane* v. *Davis, supra,* 227 Cal.App.2d 60; *Robertson* v. *Superior Court* (1960) 180 Cal.App.2d 372, 375, 376 [4 Cal.Rptr. 297]; *McDonnell* v. *American Trust Co.* (1960) 178 Cal.App.2d 325, 327 [2 Cal.Rptr. 826]), an examination of these cases reveals that the courts in each case merely applied judicial constructions of the terms "trial" and "new trial" developed in inapposite situations. We should disapprove those cases.

As recognized in the majority opinion, the terms "trial" and "new trial" must be defined in the light of the language and purpose of a particular statute and must not be defined in one situation for all purposes. We have repeatedly condemned a mechanical application of the mandatory dismissal provisions of section 583 stating that these provisions "must be applied in light of all the circumstances in the individual case, including the acts and conduct of the parties and the nature of the proceedings themselves." (*General Motors Corp.* v. *Superior Court, supra,* at p. 96; *Woley* v. *Turkus,* 51 Cal.2d 402, 407 [334 P.2d 12]; *Nail* v. *Osterholm,* 13 Cal.App.3d 682, 686 [91 Cal.Rptr. 908].) Nevertheless, the majority accept a definition of "new trial" developed for one purpose, and mechanically apply it in a totally foreign situation.

Whenever possible, lawsuits should be disposed of on the merits. (*General Motors Corp.* v. *Superior Court, supra,* 65 Cal.2d at p. 96.) Thus, we have held that one should be allowed to make a motion for a "new trial" after a judgment entered on an order sustaining a demurrer without leave to amend. (*Carney* v. *Simmonds,* 49 Cal.2d 84, 90 [315 P.2d 305].) And we have held that there has been a "trial" in order to avoid a mandatory dismissal under the five-year provision of section 583, where a demurrer has been sustained without leave to amend. (*Berri* v. *Superior Court,* 43 Cal.2d 856, 859 [279 P.2d 8].)

In these two situations we gave expanded and perhaps tortured definitions to the terms "trial" and "new trial" in furtherance of the policy that cases should be decided on the merits. In the instant case, the ordinary definition of the word "trial" and the statutory definition of the term "new trial" further that policy.

Tortured and peculiar definitions of statutory terminology may be warranted to promote justice or to further public policy, but there is no justification to use such definitions when they will frustrate justice or the policy which gave rise to them. Far from being compelled, as the majority claim, to apply the expanded definition of the term "new trial," justice and sound public policy compel us to apply the ordinary definition, set forth in section 656 because this definition, in this situation, furthers the policy that all cases should be disposed of on the merits.

As pointed out by Justice Herndon in his concurring opinion in *Lane* v. *Davis, supra,* 227 Cal.App.2d at page 67: "In my opinion, the rule that the erroneous sustaining of a demurrer without leave to amend constitutes a 'trial' or partial trial sufficient to remove the action from the mandatory five-year limitation, does not necessarily require a holding that it becomes subject to a mandatory three-year limitation. In my view, a declaration that it does is both a non sequitur and diametrically opposed to the intent of the Legislature. The plaintiff, in the instant case, has been deprived of the period fixed by the Legislature as a reasonable one within which to bring his case on for trial initially upon its merits after full opportunity allowed to complete correction of pleadings, discovery and other pretrial procedural matters, by the application of a rule developed by the courts to avoid this very situation."

In construing section 583, the courts should be guided by the principle that cases should be decided on the merits. Thus, the term "trial" in the five-year provision of section 583 should be broadly construed but the term "new trial" should be construed in accordance with the statutory

definition in section 656. Furthermore, the courts should avoid a mechanical application of the statute which produces the inequitable result reached by the majority.

The plaintiff in the instant case is seeking recovery for a serious injury which involved the amputation of her leg. Yet she has been denied five years to proceed to trial merely because the defendant's demurrer was erroneously sustained against her. She has demonstrated her diligence in pursuing her appeal, yet she has not been allowed five years to complete those necessary pretrial proceedings, such as the disposition of demurrers, that the Legislature assumed might occupy a five-year period. She has not been allowed five years to complete discovery, although it would have been wasteful, if not erroneous, for her to initiate discovery before the judgment was reversed.

I would hold that the three-year post-remittitur provision of subdivision (b) of section 583 should not operate as a limitation on the five-year mandatory dismissal provision, particularly in cases such as the instant one where there has been no trial on the merits.

I am aware that this ruling, combined with our holding in *Berri* v. *Superior Court, supra,* 43 Cal.2d 856, would mean that neither the five-year nor the three-year provisions of subdivision (b) of section 583 would apply to those cases where a demurrer has been erroneously sustained without leave to amend.

However, in cases such as the instant case, the courts may always exercise their inherent powers recognized in a number of cases, to dismiss a case for lack of diligent prosecution, and we need not fear excessive delay in bringing cases to trial. (E.g., *Steen* v. *City of Los Angeles,* 31 Cal. 2d 542, 546 [190 P.2d 937].) Only through the exercise of the court's inherent powers in such cases can we be sure of reaching a result that is both just and consistent with the legislative intention.

I would deny mandate.

Tobriner, J., and Mosk, J., concurred.