Filed 2/27/13  Shtofman v. Mercedes-Benz CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT


| | |
|---|---|
| ROBERT SCOTT SHTOFMAN, | B238274 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC320356) |
| v. | |
| MERCEDES-BENZ OF NORTH AMERICA, INC. et al., | |
| Defendants and Respondents. | |


APPEAL from a judgment of the Superior Court of Los Angeles County. Ramona G. See, Judge.  Reversed.


Robert Scott Shtofman, in pro. per., for Plaintiff and Appellant.


Veatch Carlson, Cyril Czajkowskyj and David Ryan for Defendants and Respondents.

_____

We reverse a judgment of dismissal under Code of Civil Procedure section 583.310 for failure to bring the action to trial within five years.[1]

**FACTS**

In January 1997, Robert Shtofman, a lawyer, purchased a new Mercedes-Benz S420 from Calstar Motors, Inc. (a Mercedes-Benz dealership) for roughly $78,000. In August 2004, after Shtofman had driven his S420 for more than 132,000 miles, he sued Mercedes-Benz USA, LLC, Calstar, and Decio Atkinson, a worker in Calstar's service department. Shtofman's complaint alleged five causes of action, listed respectively: breach of contract (against Calstar) for failing to repair problems with his vehicle as promised; breach of warranty (against Calstar and Mercedes-Benz); fraud (against all defendants) based upon alleged misrepresentations about the nature of the problems with the vehicle; negligent repair (against all defendants); and negligent hiring and training of service employees (against Calstar). Shtofman's complaint prayed for compensatory damages, emotional distress damages, and punitive damages.

In late 2005, Mercedes-Benz, Calstar and Atkinson filed three separate motions for summary judgment or, in the alternative, summary adjudication of issues (MSAI) of each of Shtofman's causes of action. At the same time, Shtofman filed a MSAI on his cause of action for breach of warranty against Calstar and Mercedes-Benz. The parties argued the motions to the trial court and the court took the matters under submission. In March 2006, the trial court signed and entered a formal order granting Shtofman's MSAI of his cause of action for breach of warranty against Calstar and Mercedes-Benz, and denying the motions filed by Mercedes-Benz, Calstar and Atkinson.

After the trial court entered the MSAI order on Shtofman's breach of warranty cause against Calstar and Mercedes-Benz, Shtofman agreed to dismiss his remaining causes of action, and requested judgment be entered in his favor based on the MSAI order. Shtofman also filed a motion for attorney fees, which the trial court granted. In October 2006, the court signed and entered a final judgment which provided that

---

[1] All further section references are to the Code of Civil Procedure.

Shtofman was to recover $87,246.63 in compensatory damages, plus attorney fees in the amount of $136,800, with the total award payable by Mercedes-Benz and Calstar, jointly and severally.[2] The judgment ordered Shtofman to return his S420 to Calstar, and to execute all documents necessary to transfer title and ownership of the vehicle to Mercedes-Benz.

On a prior appeal, we reversed the judgment. (See *Shtofman v. Mercedes-Benz of North America, Inc.* (Aug. 29, 2008, B195677) [nonpub. opn.].) We remanded the case to the trial court with directions to enter a new and different order denying Shtofman's MSAI of his breach of warranty cause of action against Calstar and Mercedes-Benz, and to enter a different order granting Mercedes-Benz's MSAI of the same, and Calstar's MSAI of the same. Further, because Shtofman had dismissed his remaining causes of action in reliance on the MSAI orders vacated, we also directed the trial court to relieve Shtofman from his dismissal of those causes of action. The clerk of our court issued the remittitur on November 24, 2008; the clerk of the superior court filed the remittitur on November 26, 2008.

On August 25, 2009, the trial court granted a motion for summary judgment filed by Mercedes-Benz. At a status conference in February 2011, the court set the cause for trial on September 19, 2011. The parties at the status conference were Shtofman, Calstar and Atkinson.

On August 25, 2011, Calstar and Atkinson filed a document entitled "motion in limine" in which they argued that Shtofman's action was subject to mandatory dismissal pursuant to section 583.310 for failure to bring it to trial within five years. At a hearing on September 21, 2011, the trial court ruled that it was granting Calstar and Atkinson's motion to dismiss. On November 2, 2011, the trial court entered a judgment of dismissal in favor of Calstar and Atkinson, and, on November 21, 2011, Calstar and Atkinson served notice of entry of the judgment of dismissal.

---

**2** The judgment was silent concerning the basis for liability as against Calstar and Mercedes-Benz; the judgment was silent as to Atkinson.

3

On January 3, 2012, Shtofman filed a notice of appeal from the judgment of dismissal as to Calstar and Atkinson.

## DISCUSSION

### I. The Motion in Limine

Shtofman contends the judgment of dismissal must be reversed because a "motion in limine" is an improper procedural avenue for presenting a motion to dismiss an action for failure to bring it to trial within the time prescribed by statute. We disagree.

It is the substance of a motion, not its label, that determines whether the relief it requests is available and proper. For this reason, a trial court is free to treat a motion for what it is substantively, regardless of its label. (See *Sole Energy Co. v. Petrominerals Corp*. (2005) 128 Cal.App.4th 187, 193.) Here, the motion filed by Calstar and Atkinson expressly sought dismissal of Shtofman's action under the five-year trial statute. That Calstar and Atkinson typed the words "motion in limine" on their papers does not mean the trial court was barred from granting the relief requested, or that the court's decision was error simply because of the "motion in limine" label. The motion filed by Calstar and Atkinson put Shtofman on notice of the dismissal issue he needed to address, and he has not argued any due process issue. Shtofman's reliance on cases that have criticized the misuse of motions in limine to obtain certain types of relief is not persuasive. (See, e.g., *R & B Auto Center, Inc. v. Farmer's Group, Inc*. (2006) 140 Cal.App.4th 327, 372 (conc. opn. of Rylaarsdam, J.) [a motion in limine was, "in effect, a motion for summary adjudication of issues"].) Calstar and Atkinson's motion expressly sought dismissal of Shtofman's action under section 583.310 based upon a showing that he failed to bring the action to trial within the five-year period prescribed by the statute. The motion did not seek relief hidden under the guise of a motion in limine.

### II. The Judgment of Dismissal

Shtofman contends the trial court erroneously computed the time within which he was required to bring his case to trial, and thus erred by dismissing his action. Although we do not wholly agree with his analysis, we agree that the dismissal must be reversed.

4

*The Mandatory Dismissal Statutes*

Code of Civil Procedure, part 2, title 8, chapter 1.5 (§ 583.110 et seq.) governs the dismissal of an action for delay in prosecution. Article 3 of chapter 1.5 — encompassing section 583.310 et seq. — governs the "Mandatory Time for Bringing an Action to Trial or New Trial." Under section 583.360, subdivision (a): "An action *shall* be dismissed by the court on its own motion or on motion of the defendant, after notice to the parties, if the action is not brought to trial within the time prescribed in this article." (Italics added.) Under section 583.360, subdivision (b): "The requirements of this article are mandatory and are not subject to extension, excuse, or exception except as expressly provided by statute."

### A. Five-Year Dismissal From the Commencement of an Action

Section 583.310 provides: "An action shall be brought to trial within five years after the action is commenced against the defendant."

Section 583.340 prescribes how to measure the five-year period within which a plaintiff must bring an action to trial as prescribed in section 583.310. Section 583.340 reads: "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed: [¶] (a) The jurisdiction of the court to try the action was suspended [such as by an appeal]. [¶] (b) Prosecution or trial of the action was stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

Shtofman commenced his action against Calstar and Atkinson in August 2004. So, if section 583.310 is applied on its own, this means that Shtofman had to bring his action against CalStar and Atkinson to trial by August 2009. But section 583.310 cannot be applied on its own to Shtofman's action because an intervening event beyond the mere passage of time — i.e., the prior appeal — is involved. Shtofman's action was on appeal from December 8, 2006 (the date of his notice of appeal) to November 26, 2008 (the date the clerk of the trial court filed our remittitur), a period of two years (rounded). Applying

5

the computation method prescribed by section 583.340, subdivision (a), to determine the five-year period under section 583.310, means that Shtofman had to bring his action to trial by August 2011.[3]

The trial court dismissed Shtofman's action as against Calstar and Atkinson in September 2011.

## B. Three Year Dismissal From an Order for New Trial

Section 583.320 prescribes the mandatory time for a "new trial." Section 583.320, subdivision (a)(3),[4] provides: "(a) If a new trial is granted in the action[,] the action shall again be brought to trial with the following times: . . . [¶] (3) If on appeal . . . a judgment is reversed and the action remanded for a new trial, within three years after the remittitur is filed by the clerk of the trial court."[5]

So, if section 583.320 applies, then Shtofman had to bring his action to trial by late November 2011, the remittitur issued in the prior appeal having been filed by the clerk of the trial court in late November 2008.

---

[3]    Shtofman's opening brief on appeal argues he was very busy professionally, and that the five-year deadline date for trial was extended for that reason. He cites no legal authority supporting the proposition that a party's busy work schedule, even where the party is a lawyer, excuses compliance with the statutes governing the time for bringing an action to trial. It is appropriate, of course, for a trial court, or a party or a lawyer to agree to continue a *trial date* – within the five-year period for bringing an action to trial – as a matter of professional or common courtesy, but the five-year deadline date itself is "not subject to extension, excuse, or exception except as expressly provided by statute." (See § 583.360, subd. (b).)

[4]    Section 583.320, subdivisions (a)(1) and (a)(2), prescribe the mandatory time for bringing an action to trial after a mistrial or order granting a motion for new trial. These rules are not implicated in Shtofman's current case.

[5]    Section 583.320, subdivision (b), provides: "Nothing in this section requires that an action again be brought to trial before expiration of the [five-year] time prescribed in Section 583.310." So, section 583.320 may not be applied to *shorten* the five-year time prescribed in section 583.310 for bringing an action to trial. The issue in the current case, paraphrased, is whether section 583.320 may be applied to trump and, in effect, *lengthen* the five-year time for trial under 583.310.

6

The trial court dismissed Shtofman's action as against Calstar and Atkinson in September 2011.

*Analysis –– Whether Section 583.310 or 583.320 Governs*

The trial court dismissed Shtofman's action pursuant to the five-year time for trial prescribed by section 583.310. The court computed the five-year time starting from the filing of Shoftman's action, and excluding the time during which the action was on appeal pursuant to section 583.340. If the trial court properly applied the five-year time for trial under section 583.310, as measured under section 583.340, then the dismissal was proper because the five-year deadline date expired in August 2011, and the court did not dismiss Shtofman's action until September 2011.

Shtofman contends the trial court should have determined the dismissal issue under the time rules for a "new trial" pursuant to section 583.320, measured from the filing of the remittitur issued in the prior appeal in the trial court, with a three-year period for a "new trial." Shtofman essentially argues that if an appeal is started on the fifth-year anniversary of the filing of an action, minus one day, then a plaintiff is given a full three-year period after the filing of the remittitur issued in the appeal in the trial court to bring his or her case to a new trial. Stated in other words, Shtofman argues the five-year time for bringing an action to trial should not necessarily be the focus when there is an appeal in an action. Instead, the three-year time for a new trial governs. Although we only partly agree with Shtofman's proffered statutory construction, we agree the judgment of dismissal should be reversed.

In Shtofman's current action, Calstar and Mercedes-Benz filed an appeal in December 2006, challenging the judgment in favor of Shtofman after the order granting MSAI of his breach of warranty cause of action, and dismissal of his remaining causes of action, and, finally, entry of judgment in October 2006. The appeal suspended the trial court's jurisdiction. On November 24, 2008, our court issued the remittitur, restoring the trial court's jurisdiction. On November 26, 2008, the clerk of the superior court filed the remittitur. The period during which the jurisdiction of the trial court to try the action was

7

suspended under section 583.340, subdivision (a), therefore, approximately measured two years.  If sections 583.310 and 583.340 control, Shtofman should have brought his action to trial by August 2011.

We conclude the appeal, remittitur and "new trial" trigger should be applied to Shtofman's current action, meaning that he should have been granted three years from the date of the filing of the remittitur after the prior appeal to start a new trial as prescribed in section 583.320, subdivision (a)(3).  Accordingly, Shtofman should have been given until late November 2011 to start a new trial, which means his action should not have been dismissed in September 2011.

Section 583.320 applies when a "new trial" has been granted in an action, the plain implication being that section 583.320 does not apply when there has been no first "trial" in the action  We find there was first trial in Shtofman's action.  By a unique, one might say convoluted path, Shtofman ended up with a $200,000 judgment in his favor, based on a substantive adjudication of the merits of at least one of the claims alleged in his complaint.  If the judgment was not obtained by a "trial," we are at a loss to explain how Shtofman prevailed.

The published cases do not directly address the procedural path in Shtofman's current case, but teach that a hearing which addresses and adjudicates substantive legal or factual issues in an action is a "trial" for purposes of the "new trial" time rules set forth in section 583.320.  (See, e.g., *McDonough Power Equipment Co. v. Superior Court* (1972) 8 Cal.3d 527, 530-534 (*McDonough*) [addressing section 583, the precursor to section 583.320].)  In the cases, hearings and rulings in favor of a defendant on a demurrer, or motion for judgment on the pleadings, or motion for summary judgment, when followed by a judgment of dismissal, have been determined to be a "trial" for purpose of the "new trial" time rules in section 583.320.  (See, e.g., *Berri v. Superior Court* (1985) 43 Cal.2d 856, 859; *Smith v. City of Los Angeles* (1948) 84 Cal.App.2d 297, 301-302.)  In those circumstances, when a judgment has been reversed on appeal, the plaintiff has been granted the three year period for a "new trial" under section 583.320.  In Shtofman's

8

current case, the situation is different because a hearing and ruling on a MSAI was made in favor of a plaintiff on only part of his case. Ordinarily, that would not have been a "trial" because the action would not have been finally concluded. In our view, however, when Shtofman dismissed his other causes of action and accepted a favorable final judgment based on a single cause of action, his case became placed in a procedural posture of having been resolved by a "trial."

As the Supreme Court explained in *McDonough* in addressing the three-year time for a new trial after an appeal" "[S]ection 656, which is found within title 8 of part 2 of the [Code of Civil Procedure] ('Of the Trial and Judgment in Civil Actions'), does not provide an exclusive definition of 'trial' or 'new trial, nor does it establish an identity of meaning between the term 'trial' as used in section 656 and as used in [the] section [governing a new trial after an appeal]. On the contrary, in defining 'trial' we have said 'that it is the determination of an issue of law or fact' [citation] or 'the examination . . . of the facts or law put in issue in a cause . . . .' [Citations.]" (*McDonough, supra*, 8 Cal.3d at pp. 530-533.)

In *McDonough*, a trial court sustained a defendant's demurrer in a personal injury action, and entered a judgment of dismissal. An appellate court reversed the ruling on the demurrer. The action was not brought to a trial within three years after the remittitur. The Supreme Court issued a writ of mandate to compel the trial court to dismiss the action for failure to bring it to trial within three years after the filing of the remittitur as stated in former section 583, even though the five-year period for bringing the action to trial under former section 583 had not yet expired. In short, the Supreme Court ruled in *McDonough* that a ruling on a demurrer constituted a "trial," and that the three-year trial period measured after the filing of the remittitur controlled over the five-year trial period measured after the filing of the action. Under *McDonough*, the time for mandatory dismissal is not necessarily a minimum of five years under section 583.310, as measured under 583.340. A result mirroring *McDonough* is no longer available because the current version of section 583.320, subdivision (b), provides: "Nothing in this section

requires that an action again be brought to trial before expiration of the [five-year] time prescribed in Section 583.310." Nonetheless, *McDonough*'s analysis of what constitutes a "trial" is still relevant — it is a hearing and ruling that is determinative of an issue of law or fact put at issue in a cause. (*McDonough, supra*, 8 Cal.3d at pp. 530-533.) In our view, that is what we have in Shtofman's current case in 2006, precipitating Calstar and Mercedes-Benz's prior appeal.

Calstar and Atkinson's reliance on *Lemaire, Faunce & Katznelson v. Cox* (1985) 171 Cal.App.3d 297 (*Lemaire*) does not persuade us to find there was no "trial" in 2006 in Shtofman's current case. In *Lemaire*, a law firm filed a complaint against a client in September 1978 for unpaid legal fees, and the client immediately filed a cross-complaint for legal malpractice. In September 1984, the law firm filed a MSAI which was granted in part and denied in part. Eventually, the law firm dismissed its complaint for unpaid fees. More than five years after the complaint and cross-complaint were filed, the law firm moved to dismiss the remaining cross-complaint for legal malpractice for failure to bring it to trial within five years. The trial court granted the motion. Division Five of our court affirmed, rejecting the client's argument that "trial" had commenced in September 1984, when the law firm's MSAI was addressed. In concluding that a "trial" had not been commenced in September 1984, Division Five ruled that a "trial" meant a determination of an issue of law or fact which brings an action to a stage where a final disposition can be made. The MSAI involving the law firm did not satisfy such criteria because it had not brought the action to a stage where a final disposition could be accomplished. (*Id.* at pp. 300-302.)

In contrast to *Lemaire*, the MSAI orders in 2006 here, which precipitated the prior appeal, did place Shtofman's case into a stage where a final disposition could be accomplished. To be more accurate, the MSAI orders allowed for a final disposition by a final judgment in favor of Shtofman once he agreed to dismiss his remaining causes of action, and take his favorable $200,000 judgment. In essence, it was not just the ruling on the MSAI issue but also the subsequent dismissal allowing for entry of judgment that

10

resulted in a "trial" in Shtofman's action in 2006. Regardless of the description given, there was a "trial" in Shtofman's action in 2006, and a judgment in his favor based upon that trial, and an appeal. Thus, when we reversed the judgment on the prior appeal, there was a remand for a "new trial."

This brings us to the final issue in the appeal before us today — is the five-year period for bringing an action to trial under section 583.310, computed under 583.340, the *maximum* time afforded to bring an action to trial. If it is, then Shtofman's time for trial expired in August 2011. We find five years is not necessarily the maximum time given a plaintiff to bring an action to trial. Under the plain language of section 583.320, and the published cases such as *McDonough*, we reject the contention that upon reversal of the judgment and the remand of the action for further proceedings, the time for trial of the action was limited to a maximum of the five-year period prescribed by section 583.310. We find the language of section 583.320 to be unambiguous, and to control. There was a prior "trial" in Shtofman's case because the hearing on the MSAIs addressed legal and factual issues involved in his case. Upon dismissal of his remaining causes of action, the trial court entered a final judgment. Thus, after reversal on appeal and the filing of the remittitur, Shtofman had three years to bring his action to trial under section 583.320.

Reading all of the dismissal statutes together, and giving effect to all of them (*Lexin v. Superior Court* (2010) 47 Cal.4th 1050, 1090), we see three principles at play. First, if there is no appeal in an action, the time for trial is governed by the five-year term prescribed by section 583.310, computed under section 583.340. Second, if there is an appeal in action, but not after a "trial," then the time for trial is still governed by the five-year term prescribed by section 583.310, computed under section 583.340. Finally, if there is an appeal in action after a "trial," then section 583.320 applies, and the three-year period measured from the filing of the remittitur controls.[6]

---

[6] In Shtofman's current case, the hearing and ruling on Calstar and Atkinson's motion to dismiss for delay in prosecution was not a "trial" because it did not result from a determination of any legal or factual issues involved in his claims. So, Shtofman does

11

### III.  The Estoppel Issue

Because we have found section 583.320 applied, and Shtofman's action should not have been dismissed under section 583.310, we do not address his argument that estoppel should have barred Calstar and Atkinson from seeking dismissal for delay in prosecution of the action.

### DISPOSITION

The order and judgment of dismissal entered on November 2, 2011 is reversed. Each party to bear its own costs on appeal.

                                        BIGELOW, P. J.


We concur:



        RUBIN, J.



        FLIER, J.

---

not get another three years after the filing of the remittitur in this appeal to get his action to trial.